# Paradise Township *v.* The Public Service Commission.

*Railroad crossings—Alteration—Expense—Liability—Apportionment of cost—Townships.*

A township in which is located a bridge, carrying a state highway over the tracks of a railroad company, which has been declared dangerous by the Public Service Commission and ordered to be changed, is a "municipal corporation concerned," within the meaning of the Public Service Company Law. The Public Service Commission in such case has authority to require the township to pay a portion of the cost of the alteration and relocation of the crossing.

Submitted October 18, 1920. Appeal, No. 288, Oct. T., 1920, by Township of Paradise, from order of the Public Service Commission of the Commonwealth of Pennsylvania in the matter of the complaint of the State Highway Department of Pennsylvania v. The Pennsylvania Railroad Company, Complaint Docket No. 3053. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from order of the Public Service Commission ordering the alteration and relocation of a bridge over

the tracks of the Pennsylvania Railroad Company in Paradise Township, Lancaster County, and apportioning the costs between the various public service companies and municipal corporations concerned.

The commission filed the following report:

The State Highway Department lodged a complaint against an overhead crossing which carries State Highway Route No. 215, being the Lincoln highway, over four tracks of the main line of the Pennsylvania Railroad Company, respondent, at a point in Paradise Township, Lancaster County, near a village also known as Paradise. The highway crosses the railroad tracks at this point obliquely. The present structure, built many years ago, crosses the tracks at right angles, making a very sharp curve at each end thereof and on account of the very extensive public travel over this highway, creates a very dangerous situation. The commission determines the present structure as unsafe and dangerous. The respondent railroad company submitted plans for a new structure, which provide for a through girder type bridge on concrete abutments about 120 feet in length, carrying the highway over the four tracks of the railroad in a straight line. The plans indicate the bridge will be 35 feet in width, having a foot walk five feet wide on the northerly side and a roadway thirty feet wide in which a single track of the Conestoga Traction Company will be laid and operated along the south side of said roadway.

The vertical clearance of the present structure is about 19 feet and that of the new structure will be 22 feet. The grade on the west approach is 2.2 per cent and on the east approach 6 per cent.

The plans as submitted by the railroad company are approved by the street railway company, the county and the township, and the same are hereby approved by the commission. The estimated cost of the structure, including the approaches and the laying of a new concrete roadway on the approaches, also relaying and relocat-

ing the street railway track, not including any property damages, is about $112,000.

The conclusion of the commission is that the Pennsylvania Railroad Company build the abutments and superstructure complete, including a solid concrete floor thereon, completing both the roadway and the sidewalk ready for use by the public.

That the State Highway Department construct the earth approaches, together with the necessary road improvement thereon and that the Conestoga Traction Company relocate and reconstruct at its own cost and expense its line of street railway upon and across said bridge and approaches, including necessary wires, etc.

The total cost of the structure excluding the cost of relocating and relaying the street car track is hereby apportioned and shall be paid as follows:

State Highway Department .................40 per cent
The Public Service Commission ...........10  "    "
County of Lancaster ......................18  "    "
Township of Paradise ..................... 2  "    "
Conestoga Traction Company .............15  "    "
The Pennsylvania Railroad Company ......15  "    "

It is understood that the amount hereby appropriated to be paid by the Public Service Commission out of the fund appropriated to it for the elimination of grade crossings by the Act of July 18, 1919, P. L. 1048, will not exceed the sum of $12,000. In case the 10 per cent of the cost of said structure hereby apportioned to it should exceed $12,000 such excess will be paid by the State Highway Department over and above the 40 per cent herein apportioned to it. All payments are to be made to the Pennsylvania Railroad Company and the State Highway Department when and as certified to by the Public Service Commission.

In order that the payments may be properly certified, the Pennsylvania Railroad Company and the State Highway Department shall furnish monthly estimates to the

Public Service Commission as the work progresses. Property damages, if any, to be paid by the County of Lancaster in addition to the 18 per cent herein apportioned against it.

The approaches together with the roadway thereon shall be maintained by the State Highway Department. The superstructure and abutments shall be maintained by the Pennsylvania Railroad Company and the Conestoga Traction Company, the Pennsylvania Railroad Company to pay two-thirds and the Conestoga Traction Company one-third. All work for maintenance shall be done by the Pennsylvania Railroad Company and the one-third of the expense to be paid by the traction company to the railroad company. All work shall be completed on or before July 1, 1921.

*Error assigned,* among others, was the order of the commission.

*Charles W. Eaby,* for appellant.

*Berne H. Evans,* and with him *John Fox Weiss,* for the Public Service Commission.

Opinion by Linn, J., December 10, 1920:

The Lincoln highway extends through Paradise Township, Lancaster County. It is carried over the Pennsylvania railroad by a bridge at a point where part of the township is bisected by a cut in which the railroad is operated. A street railway company operates over tracks laid on the bridge.

The state highway department filed a complaint with the Public Service Commission alleging that the bridge was so dangerous to public safety as to require reconstruction. Hearings were held and evidence was taken. The township appeared by counsel and conceded that the bridge required reconstruction and approved the plans proposed therefor. The report of the commission states:

"The highway crosses the railroad tracks at this point obliquely. The present structure, built many years ago, crosses the tracks at right angles, making a very sharp curve at each end thereof and on account of the very extensive public travel over this highway, creates a very dangerous situation. The commission determines the present structure, as unsafe and dangerous......The plans as submitted by the railroad company are approved by the street railway company, the county and the township and the same are hereby approved by the commission......" It then ordered that a new bridge be built, carrying the highway over the railroad by a straight course instead of at right angles; it apportioned the cost thereof and directed that a very small part of the cost be paid by the township. The township alone appealed, desiring to be advised, as its learned counsel states, whether it is a municipal corporation "concerned" in the improvement within the meaning of the law.

We are all of opinion that it is so concerned. There is no force in the contention made on behalf of the township that as the Lincoln highway is not a road constructed and maintained by the township, it is not concerned in the improvement. The provisions of the Public Service Company Law, July 26, 1913, P. L. 1374, are more comprehensive than that. The general assembly declared that "......to the end, intent and purpose that accidents may be prevented and the safety of the public promoted," P. L. 1409, the commission should have "exclusive power to determine, order and prescribe in accordance with plans and specifications to be approved by it, the just and reasonable manner, including the particular point of crossing......in which any public highway may be constructed across the tracks or other facilities of any railroad corporation, or street railway corporation, at grade, or above or below grade......," P. L. 1409. It was given "exclusive power......to order any crossing aforesaid, now existing or hereafter con-

structed at grade, or at the same or different levels, to be relocated or altered, or to be abolished......," P. L. 1409. The act provides that "......the expense of the said construction, relocation, alteration or abolition of any such crossing shall be borne and paid as hereinafter provided by the public service company or companies, or municipal corporations concerned, or by the Commonwealth, either severally or in such proper proportions as the commission may after due notice and hearing in due course determine, unless the said proportions are mutually agreed upon and paid by those interested as aforesaid," P. L. 1410. "The term 'municipal corporation' as used in this act shall include all......townships......," P. L. 1376.

On this record the township, the county, the Commonwealth and the two public service corporations ordered to contribute are all "concerned" and "interested." The residents of this township require this bridge to enable them to cross the tracks of the railroad company. The new bridge removes the elements of danger under which the old bridge was used; it makes provision for pedestrians which the other lacked; substitutes a much wider driveway for one conceded to be too narrow; removes the danger incident to the vehicular traffic and street railway operation over the narrow bridge built at right angles to the general course of the highway. These residents have direct and positive concern or interest in the removal of the danger found by the commission to exist and in the enjoyment of the proposed improvement. The words 'concern' and 'interest' are classified by lexicographers as synonyms; they are to be construed as used in the statute in their popular well known sense. Residents of this township are as much concerned or interested in the safety of travel over this bridge as they would be if it were a township road constructed and maintained by the township; the fact that it is not, does not lessen either the concern or interest.

The order is affirmed and the appeal dismissed at the cost of appellant.