# Salem Township, Appellant, *v.* The Public Service Commission.

*Public Service Commission — Public Service Company Law — Act of July 17, 1917, P. L. 1025—Railroads—Grade crossings— Abolition—Powers of commission—Assessment of cost.*

Under the provisions of the Act of July 17, 1917, P. L. 1025, amending the Public Service Company Law, the Public Service Commission has authority to abandon or vacate highways or portions of highways in proceedings to abolish grade crossings.

An order of the Public Service Commission, vacating certain portions of a highway at either end of a village street, for the purpose of eliminating two grade crossings, will be affirmed, where the plans adopted show adequate provision for the public travel from the village street to the relocated highway by means of a subway to be constructed by the railroad company and also by a grade crossing at which additional safeguards are required to be placed by the railroad company and there is nothing in the evidence to warrant a reversal of the conclusions of the commission.

Argued March 9, 1921. Appeal, No. 22, March T., 1921, by Salem Township, from order and determination of the Public Service Commission, Complaint Docket No. 3512, in the case of State Highway Department of the Commonwealth of Pennsylvania v. Delaware, Lackawanna & Western Railroad Company and Public Service Commission, on appeal. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Complaint of State Highway Department as to dangerous character of grade crossing in Salem Township, Luzerne County.

The commission found the crossing to be dangerous and approved plans for the elimination of the same, as set forth in the opinion of the Superior Court. The Township of Salem appealed.

374, (1921).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was the order of the commission.

*R. O. Brockway,* for appellant.

*J. H. Oliver,* and with him *D. R. Reese,* for Delaware, Lackawanna & Western Railroad Company, intervening appellee.

*John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY LINN, J., April 18, 1921:

Salem Township complains of an order of the commission abolishing two grade crossings, one near each end of the village of Beech Haven in that township. The main street of the village is part of state highway route No. 4, and extends on a bow-shaped line, at each end of which the tracks of the Delaware, Lackawanna and Western Railroad cross at grade. The state highway department filed a complaint with the Public Service Commission naming the Delaware, Lackawanna and Western Railroad Company as respondent and alleging that these two grade crossings were dangerous and should be abolished. The respondent filed an answer admitting those averments and setting up that the local municipalities should be made parties and that the expense should be apportioned. Apparently upon that petition and answer the commission made an order abolishing the grade crossings and directing that Salem Township and Luzerne County be made parties, and that copies of the complaint be served upon them, with notice that a hearing would be held to consider plans prepared by the state highway department providing for abolishing the grade crossings and for the apportionment of the expense incident thereto. No notice of the proposed abolition was first given to the local municipalities as required by section 12, article V of the Public Service

Company Law (Laws of 1913, P. L. 1408; Laws of 1917, P. L. 1030), so that the proceeding would be fatally defective, as suggested by appellant, had the oversight not been cured. The record shows that a petition signed by residents of the township was filed, asking for the rescission of the order. The township also appeared and filed an answer to the complaint. Afterward, at the hearing, of which notice had been given and at which all parties appeared and participated, the matter of the abolition of the crossings was taken up de novo and the contentions of the township were duly presented and considered. We must therefore dismiss the objection that notice of the proceeding was inadequate.

The plan adopted by the commission provides for the relocation of the state highway on a line just beyond the railroad tracks and substantially parallel with them, where no crossings will be required. The order of the commission vacates so much of the highway as theretofore existed within the lines of the right-of-way of the railroad company at grade at each end of the village. Direct authority for this is conferred by the Act of July 17, 1917, P. L. 1025: "In determining the plans and specifications for any crossing herein mentioned, the commission may......abandon or vacate such highways or portions of highways as, in the opinion of the commission, may be rendered unnecessary for public use by the construction, relocation, or abandonment of any of said crossings."

The railroad company maintains a station in the village nearly half way between the grade crossings and access from part of the village to that station is afforded by a street extending from the main street to the station, crossing the tracks at grade in front of it. The commission requires that additional safeguards be established by the railroad company at this grade crossing, and also that it construct and pay for a subway under its tracks at a point between the church and the school house to afford more direct access from the relocated highway at

that end of the village. The state highway department, the County of Luzerne and the respondent railroad company have approved the plans and the conclusion of the commission. Salem Township approves of the relocation of the state highway on the line proposed but urges that since through travel on the relocated highway from Scranton and Wilkes-Barre westward may pass without crossing the railroad tracks, the grade crossings at each end of the village should remain for the accommodation of such persons as chose to enter or leave the village over those crossings. We can find nothing in the evidence and nothing was suggested in the argument that would warrant our differing from the conclusion of the commission that those crossings should be abolished. The township is concerned with the improvement within the meaning of the statute: Appeal of Paradise Township, 75 Pa. Superior Ct. 208, and the cost assessed against the township has not been shown to be unreasonable.

The order of the commission has not been assigned for error though it should have been: Jenkins Twp. v. P. S. C., 65 Pa. Superior Ct. 122. We have, however, considered the appeal on the merits.

The appeal is dismissed at the cost of the appellant.