## Scranton Railway Co. v. Fiorucci, Appellant.

*Public Service Commission—Jurisdiction—Jitney bus "Between points within Commonwealth"—Automobiles.*

The Act of July 26, 1913, P. L. 1374, which provides that "the term 'Common Carrier'......includes any and all common carriers whether corporations or persons engaged for profit in the conveyance of passengers or property or both between points within the Commonwealth," gives the Public Service Commission jurisdiction over persons operating "jitney bus" service entirely within the limits of one municipality.

*Statutes—Repeal—Automobiles — Public Service Commission— Acts of July 26, 1913, P. L. 1374, and June 1, 1915, P. L. 685.*

The Act of June 1, 1915, P. L. 685, giving to cities the power to regulate and license certain motor vehicles, does not repeal the Public Service Commission Act of July 26, 1913, P. L. 1374, in so far as it relates to the same subject. The provisions of the two acts on the subject are not irreconcilable, and there is no express repeal in the later act.

Submitted March 5, 1917. Appeal, No. 49 March T., 1917, by defendant, from order of Public Service Commission, No. 937, year 1916, forbidding operation of a jitney bus service in case of Scranton Railway Company v. Giuseppi Fiorucci. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for an order restraining operation of a jitney bus service.

The commission made the order requested.

*Error assigned* was the order of the commission.

*A. A. Vosburg,* for appellant.

*H. A. Knapp,* of *Warren, Knapp, O'Malley & Hill,* for appellee.

OPINION BY TREXLER, J., May 7, 1917:

The statement of the question involved as presented by the appellant is, does the Public Service Commission have jurisdiction over those operating "Jitney Bus" service entirely within the limits of one municipality? Is such an operation "between points"?

The Public Service Commission Act of July 26, 1913, P. L. 1374, Article I, provides "The term 'Common Carrier' as used in this act includes any and all common carriers whether corporations or persons engaged for profit in the conveyance of passengers or property or both between points within this Commonwealth by, through, over, above or under land or water or both." It can hardly be seriously contended that the vehicle known as a jitney bus as ordinarily operated is not a common carrier and the learned counsel for the appellant has advanced no reason for not so considering it. His reliance is upon the proposition that the words "between points" within this Commonwealth appearing in the section

above quoted do not apply to operations confined to the limits of a city or town. The word point is often used as a synonym for a city or town. Thus we speak of a city as being a shipping point, or of towns along a railroad as points, but the meaning of the word also includes parts of the same town. We would be slow in coming to a construction of the act which would hold that a public carrier operating e. g. wholly within the City of Philadelphia but covering routes between termini which might be more than twenty miles apart, would not come within the provisions of the act. The Public Service Companies Act was designed to regulate all public carriers and the legislative intention was not to make an exempted class of public carriers operating wholly within the limits of a city and including those who ran beyond.

There is no significance in the words "within the Commonwealth" as applied to this question. That term was evidently used to designate intrastate commerce as distinguished from interstate traffic.

By the Act of June 1, 1915, P. L. 685, the power to regulate and license certain motor vehicles was given to the cities and it is contended that this is an implied repeal of the Public Service Act of 1913 so far as it relates to the same subject. There is no express repeal in the later act and if appellant's position is to be sustained, it must be on the theory that there is such an irreconcilable inconsistency in the acts that both cannot stand. We fail to find any. Many of our public service corporations which fall under the provisions of the Public Service Act are subject to local regulation. We need but mention street car lines and railroads. The former under a constitutional provision may not be constructed until municipal consent is obtained. The latter as is suggested by the counsel of the appellee are subject to ordinances requiring them to place watchmen at crossings and subjecting them to other regulations. The authority given by the Act of 1915 cannot be held in any view of the matter to give cities any power that would abrogate the

right of the Public Service Commission of requiring a certificate of public convenience. The two powers do not intrench on each other. The Public Service Commission and city councils can both exercise their powers coördinately.

The order of the Public Service Commission is affirmed. Appellant to pay the costs.