# Johnstown *v.* Johnstown & Stony Creek Railroad Company, Appellant.

*Public Service Commission—Railroads—Cost of installing safety gate—Discretion of commission.*

An order of the Public Service Commission directing that the costs of installing a safety gate and maintaining a watchman at a crossing of two railroads, be equally divided between the two companies, will be sustained where there is no evidence in the record bearing on the order as to the cost. Any suggestion of the appellate court in such a case as to how the cost of the gates and maintenance should be divided, would be a substitution of the judgment of the court for that of the commission; and this cannot be done.

Submitted April 12, 1918. Appeal, No. 116, April T., 1918, by defendant, from order of Public Service Commission Complaint Docket, No. 1356, regulating a railroad crossing in the case of City of Johnstown v. Johns-

town & Stony Creek Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition by the City of Johnstown for an order regulating a grade crossing.

The Public Service Commission ordered:

"That the Johnstown & Stony Creek Railroad Company construct gates and maintain a watchman at the crossing of Messenger street over the tracks of the said company and the tracks of the Baltimore & Ohio Railroad Company, and that the cost of construction and maintenance be borne equally by the said Railroad Company and the Baltimore & Ohio Railroad Company."

*Error assigned* was the order of the commission.

*Forest & Percy Allen Rose,* for the Johnstown & Stony Creek Railroad Company, appellant.

OPINION BY KEPHART, J., December 12, 1918:

This is an appeal from an order of the Public Service Commission directing the appellant to install safety gates and supply a watchman, the entire cost of construction and maintenance to be equally divided between it and the Baltimore & Ohio Railroad Company. The property value of the Baltimore & Ohio Railroad Company in connection with the crossing and the business done by that company was largely in excess of that of the appellant. The appellant has two tracks at this crossing, while the Baltimore & Ohio Railroad Company has eleven, and it is averred by the appellant that its use of the crossing amounts to five per cent. of the entire use by utility concerns. We can find no evidence bearing on the order for division of cost and maintenance in the proportion fixed by the commission, but any change we might suggest as to how this cost should be divided would be a substitution of our judgment for that of the

Opinion of the Court.   [70 Pa. Superior Ct.

commission.   This we cannot do: Ben Avon Boro. v. Ohio Valley Water Co. (No. 1), 260 Pa. 289.   The order is within the lawful power of the commission, it violates no statute and its reasonableness depends to a large extent on the exercise of a sound and reasonable judgment by the commission.   It may be possible that inasmuch as the commission found safety gates necessary, the trackage and property value did not enter into the question.

The order is affirmed at the cost of the appellant.

Judge HENDERSON concurs in the order.