## Damiani, Appellant, *v.* Public Service Commission.

*Public Service Company Law — Common carriers — Operating automobiles as common carriers — Jurisdiction of commission — Pleadings.*

1. The Public Service Company Law does not require that a complaint before the commission shall be drawn with technical accuracy, and it is sufficient if the facts be stated in the common language of the people, in such manner as to clearly disclose to the respondent the grounds upon which the jurisdiction of the commission is invoked. A complaint which informed the respondent that he was charged with operating "autobusses or taxicabs" within designated points, without a certificate of public convenience authorizing him to do so, does not necessarily have to include the charge that he was operating as a common carrier. Where the defendant clearly discloses by his answer that he was charged with being a common carrier of passengers and specifically denied such charge, and thus clearly defined the issue, to which evidence taken before the commission, was directed, he cannot afterwards be permitted to take advantage of any defect in the complaint which did not go to the merits and which did not mislead him.

2. The owner of an automobile who operates it for hire to a certain point and vicinity, and while so operating carries all passengers who may apply for transportation, and who gives no one exclusive use of his car, but receives all passengers who arrive at the same time and desire to be carried, must be considered a common carrier, and such a finding by the Public Service Commission, supported by competent evidence, will not be disturbed by the Superior Court.

Argued April 24, 1919. Appeal, No. 121, April T., 1919, by respondent, from order of the Public Service Commission of the Commonwealth of Pennsylvania in

38    DAMIANI, Appellant, *v.* PUBLIC SER. COM.

Statement of Facts—Opinion of the Court. [73 Pa. Superior Ct.

the case of Elsino Damiani v. The Public Service Commission, on appeal.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Complaint before the Public Service Commission that the respondent was operating an autobus as a common carrier at Lambert, Fayette County.

The commission made an order that the respondent cease and desist from carrying on or engaging in the public service set forth in the complaint, to wit, operating a motor vehicle as a common carrier, until he should obtain a certificate of public convenience in accordance with the provisions of the Public Service Company Law.   Respondent appealed.

*Error assigned* was the order of the commission.

*George Patterson,* for appellant.

*John Fox Weiss,* Assistant Counsel, and with him *Berne H. Evans,* Counsel, for the Public Service Commission.

OPINION BY PORTER, J., October 13, 1919:

The Public Service Commission, after complaint duly filed, and answer by the defendant and a full hearing, made the following order, viz: "That the respondent, Elsino Damiani, his agents, servants and employees, forthwith cease and desist from carrying on or engaging in the public service set forth in the complaint, to wit, operating as a common carrier, motor vehicles, until he shall have obtained from the commission a certificate of public convenience in approval thereof, in accordance with the provisions of the Public Service Company Law." The respondent appeals from that order. The appellant contends that the order should be reversed for two reasons. First; that the complaint was insufficient to war-

rant the Public Service Commission in assuming jurisdiction, in that it did not specifically aver that the appellant was operating, as a common carrier, motor vehicles. Second; that the testimony was not sufficient to warrant the finding of the commission that he was so operating motor vehicles, as a common carrier.

The complaint did not specifically aver that the respondent was carrying on the business of a common carrier, the allegation of the complainant, upon this point being as follows: "That the respondent above named is an individual engaged in operating autobusses or taxicabs from Lambert street car station to Lambert and vicinity, in said township, without a certificate authorizing him so to do." The complaint further averred that the respondent had previously filed with the commission an application for a certificate of public convenience, to so operate his vehicles, which application, after a hearing, the commission had refused; and that the respondent had continued to operate, notwithstanding said refusal. The respondent did not in his answer assert that the complaint was insufficient, but the reply to the paragraph of the complaint which described the manner in which he was carrying on business, was in the following words: "As to the matters contained in paragraph B of the petition the respondent denies that he is a common carrier, as charged in said complaint, but avers that by reason of the failure of the complainants to comply with the requirements of their certificate, he has from time to time been solicited by the public to furnish transportation to various points through the County of Fayette." The Public Service Company Law requires that the complaint "shall contain a concise statement of all the material facts upon which the complaint is founded." This does not require that the complaint shall be drawn with technical accuracy, it is sufficient if the facts be stated in the common language of the people, in such a manner as to clearly disclose to the respondent the grounds upon which the jurisdiction of the commission

is invoked. This complaint informed the respondent that he was charged with operating "autobusses or taxicabs" between designated points, without a certificate authorizing him to do so. The word "bus" is an abbreviation for omnibus, a public carriage, and an autobus is a public carriage capable of self movement, having the motive power within the vehicle. The word "taxicab" is one of modern coinage, but is universally understood to mean a vehicle operated upon the streets for hire by all passengers who may apply and pay the established rates. An omnibus is usually understood to be a vehicle which carries all persons, indifferently, who may apply for passage, so long as there is room and there is no legal excuse for refusing. The operator of such a vehicle is a common carrier of passengers. If the facts stated in the complaint did not inform this appellant that he was charged with being a common carrier of passengers he ought to have so stated in his answer, and ought not to have put the complainants to the expense of preparing for a hearing and imposed upon the Public Service Commission the duty to prepare for a hearing. The defendant clearly disclosed by his answer that he was "charged in said complaint" with being a common carrier of passengers, he specifically denied that he was such a common carrier, and thus clearly defined the issue to which the evidence taken before the commission at the hearing was directed, and upon which the commission passed. The issue distinctly raised by the answer was the only issue involved in the proceeding and having been determined by the commission after a full hearing, the defendant ought not now to be permitted to take advantage of any defect in the complaint which did not go to the merits and which did not mislead him.

There was produced before the commission competent evidence fully sufficient to warrant a finding that the appellant was operating two automobiles, which he kept standing in the public street near the station of an interurban street railway; that they were there ready to meet

practically every street railway car upon its arrival; that they were held out as ready to carry for hire, to Lambert and the vicinity, all passengers who might apply for transportation; and that, even when some person had previously arranged to have a motor car meet him, such person did not acquire the right to the exclusive use of the car, but the appellant received all other passengers who arrived at the same time and desired to be carried. If the facts were so, then the appellant was a common carrier of passengers: Scranton Ry. Co. v. Fiorucci, 66 Pa. Superior Ct. 475; Lloyd v. Haugh, 223 Pa. 148; Terminal Taxicab Co. v. District of Columbia, 241 U. S. 252. The finding of facts by the commission having been supported by competent evidence we would not be warranted in declaring it to be unreasonable, nor is there any ground for holding that the determination was not in conformity with law.

The order of the commission is affirmed, and the appeal dismissed at costs of the appellant.