# Setzer, Appellant, *v.* City of Pottsville.

*Municipalities—Police powers—Regulation of autobusses—Acts of July 26, 1913, P. L. 1374, and June 1, 1915, P. L. 685.*

The Act of July 26, 1913, P. L. 1374 (Public Service Company Law) and the Act of June 1, 1915, P. L. 685, giving to cities the power to regulate and license certain motor vehicles, are not repugnant or inconsistent. The provisions of the two acts, so far as they relate to the same subject, are not irreconcilable and there is no express repeal in the latter act.

An ordinance passed under the provisions of the Act of June 1, 1915, P. L. 685, designating certain streets on which interurban busses should be operated, and forbidding such operation upon other streets of the city, is not an unreasonable exercise of the power conferred in that act, nor does it conflict with the provisions of the Public Service Company Law. No individual or company has the right to operate, as a common carrier, a motor vehicle for the transportation of persons and property without first obtaining from the Public Service Commission a certificate of public convenience, but the authority to designate the city streets over which such motor vehicle shall operate is by the Act of 1915 vested in the municipality.

Argued December 3, 1919. Appeal, No. 210, Oct. T., 1919, from order and decree of C. P. Schuylkill Co., sitting in equity, dissolving preliminary injunction July Term, 1919, No. 1, in the case of Arlington Setzer v. The City of Pottsville, F. Pierce Mortimer, Mayor; Joseph H. Nichter, Superintendent of the Department of Streets and Public Improvements, and James W. Hoepstine, Chief of Police of the City of Pottsville. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity for injunction to restrain defendant from enforcing against the complainant an ordinance of the City of Pottsville, passed June 3, 1919, regulating autobusses, taxicabs, etc.

574    SETZER, Appel., *v*. CITY OF POTTSVILLE.

Statement of Facts—Opinion of the Court. [73 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.   Complainant appealed.

*Error assigned* was the order of the court.

*Edmund D. Smith,* for appellant, cited: Turtle Creek Borough v. Pennsylvania Water Company, 243 Pa. 415; Bellevue Borough v. Ohio Valley Water Company, 245 Pa. 114; York Water Company v. York, 250 Pa. 115; Scranton Railway Company v. Fiorucci, 66 Pa. Superior Ct. 475; In re Troy Auto Car Company, P. U. R. 1917 a-700; Allegheny Valley Street R. Co. v. Greco, Pa. P. U. R. 1917 a-723; Southern Pennsylvania Traction Company v. Hartel, Pa. P. U. R. 1917 c-627.

*Morris H. Spicker,* City Solicitor, for appellee, cited: Philadelphia Jitney Assn. v. Blankenburg et al., 24 D. R. 1000; Scranton Railway Co. v. Fiorucci, 66 Pa. Superior Ct. 475; City of Easton v. Miller, 265 Pa. 25.

OPINION BY PORTER, J., February 28, 1920:

The Public Service Commission, on September 21, 1916, issued to the plaintiff a certificate of public convenience authorizing him to operate, as a common carrier of passengers, a line of motor busses between the Borough of Minersville and the City of Pottsville, including a certain designated route in said city.   He continued to operate said vehicles from the date of the certificate until June 3, 1919, when the city duly passed an ordinance designating certain streets on which interurban busses should be operated and forbidding such operation upon the other streets of the city.   The enforcement of this ordinance would render it necessary to change a part of the route over which the plaintiff operated his line of vehicles within the limits of the city; in other words, the route designated by the ordinance was, in some respects, different from that specified by

the certificate of public convenience under which the
vehicles had been operated.    The plaintiff filed this bill
to restrain the city from enforcing the ordinance.   The
court below, upon the filing of the bill, issued a prelimi-
nary injunction and fixed a day for a hearing upon a
motion to dissolve the same and after a hearing upon
said day entered an order dissolving the preliminary in-
junction.    The plaintiff appeals from that order.

The plaintiff contends that it was not within the
power of the city to enact an ordinance which would re-
quire him to operate his motor vehicles upon a route,
within the city, different from that designated by the
certificate of public convenience, issued by the Public
Service Commission.    He relies upon the Public Service
Company Law, Act of July 26, 1913, P. L. 1374, and in
his argument thus states his position: "The contention
of the appellant is that the authority of the Public Serv-
ice Commission is superior and its orders and regula-
tions, conferring the privileges stated on the appellant,
are binding alike upon him and the city."    This argu-
ment completely ignores the authority conferred upon
the city by the Act of June 1, 1915, P. L. 685, the ma-
terial part of which is as follows: "That each city may
regulate the transportation by motor vehicles (not op-
erated on tracks) of passengers or property, for pay,
within the limits of the city, or from points in the city to
points beyond the limits of the city.    In such regulation
the city may impose reasonable license fees, make regu-
lations for the operation of vehicles, the rates to be
charged for transportation, and may designate certain
streets upon which such vehicles, if operated, must be
operated."    This statute was enacted subsequently to
the approval of the Public Service Company Law and if
there is any conflict between them the later statute must,
of course, prevail.    We have, however, held that there is
no conflict between the statutes, that they must be con-
strued together: Scranton Railway Co. v. Fiorucci, 66
Pa. Superior Ct. 475.    No individual or company has

the right to operate, as a common carrier, a motor vehicle for the transportation of persons or property, without first obtaining from the Public Service Commission a certificate of public convenience, but the authority to designate the routes over which such motor vehicles shall operate is by the Act of 1915 vested in the city. The Public Service Company Law did not make the municipalities public service companies, and cities and boroughs, acting strictly as such, are unaffected by it in the exercise of their functions and powers and in the performance of their municipal duties: City of Easton v. Miller, 69 Pa. Superior Ct. 554; 265 Pa. 25. It cannot, therefore, be said that the city did not have power to enact a general ordinance regulating the subject-matter with which we are now dealing. The Act of 1915 conferred upon cities power to pass ordinances of a specific and defined character, to "designate certain streets upon which such vehicles, if operated, must be operated." When the legislative grant is of this specific character an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the municipality, or under a grant of power general in its nature. "In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy": Ligonier Valley R. R. Co. v. Latrobe Boro., 216 Pa. 221; Mahanoy City Boro. v. Hersker, 40 Pa. Superior Ct. 50. The court below very properly, in view of the condition in which the record then stood, refused to continue the preliminary injunction.

The order of the court below dissolving the preliminary injunction is affirmed and the appeal dismissed at cost of the appellant.