# Shamokin & Mount Carmel Transit Company, Appellant, *v.* The Borough of Mount Carmel et al.

*Municipalities—Ordinances—Police powers — Street railways— Stopping points—Blocking traffic—Reasonableness—Public Service Commission Act.*

1. A borough ordinance providing that the passenger street cars of an interurban railway operated on a much traveled street shall proceed to certain other streets for the stopping and return point of the cars, to avoid blocking the street and impeding vehicular traffic, is not an unreasonable exercise of the police power of the borough.

2. The power of a borough to enact such an ordinance was not taken away by the statute creating the Public Service Commission.

3. Such an ordinance is not an unreasonable or oppressive exercise of the police power merely because it may cause some readjustment of the street car company's schedule and some additional expense in the operation of the cars, and the relocation of tracks or the building of turnouts on another street.

City of Easton v. Miller, 265 Pa. 25, followed.

Argued May 25, 1920. Appeal, No. 63, January T., 1920, by plaintiff, from decree of C. P. Northumberland Co., No. 445, in equity, dismissing plaintiff's bill for injunction in case of Shamokin & Mount Carmel Transit Co. v. Mount Carmel Borough, Thomas Evans et al., Councilmen, and Joseph S. Nowakoski, Chief Burgess, defendants. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before CUMMINGS, P. J.

Plaintiff, by its bill, sought to enjoin the borough officers from interfering with the operation of plaintiff's street cars and from arresting plaintiff's employees for the violation of an ordinance of the borough regulating traffic upon its streets.

The portion of the ordinance as to which complaint was made, provided that "All street passenger cars entering the borough on Third street shall operate to Market street via Fifth street before making the return trip."

The plaintiff is an interurban railway. Third street is a much traveled street, and the purpose of the ordinance was to prevent the blocking of the street at a point on Third street near Oak street, where there was heavy travel.

The court dismissed plaintiff's bill: see opinion in 4 Northumberland L. J. 252, 11 Municipal L. R. 260. Plaintiff appealed.

*Error assigned,* among others, was above decree, quoting it.

*Voris Auten,* for appellant.

*L. S. Walter,* for appellee.

PER CURIAM, June 26, 1920:

The City of Easton v. Miller, 265 Pa. 25, is conclusive of the correctness of the action of the court below, and the appeal from its refusal to grant a preliminary injunction is dismissed, at the costs of the appellant.