## City of Johnstown v. Johnstown & Stony Creek R. R. Co. & Johnstown Traction Company, Appellants.

*Public Service Commission — Public Service Company Law — Grade crossings—Safety gates—Order of maintenance—Costs.*

Where the Public Service Commission has found that safety gates are necessary at a grade crossing where the tracks of two railroad companies cross a city street, the apportionment of the cost of construction and maintenance is not necessarily determined by the trackage and property values of the respective companies. The proportion in which such expenses should be borne by both companies maintaining the tracks across the street rests largely in the sound discretion of the Public Service Commission.

Where the order is neither arbitrary nor unreasonable, and not confiscatory, it will not be disturbed on appeal.

Submitted October 28, 1920. Appeal, No. 32, Oct. T., 1919, by Johnstown and Stony Creek Railroad Company, from order of the Public Service Commission of the Commonwealth of Pennsylvania, Complaint Docket No. 1356, regulating a railroad crossing in the case of City of

Johnstown v. Johnstown & Stony.Creek Railroad Company & (Johnstown Traction Company). Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER. JJ. Affirmed.

Petition of city, of Johnstown for order regulating grade crossing at Messenger Street in the City of Johnstown.

The Public Service Commission ordered the installation of crossing gates and the maintenance of a watchman and divided the cost of construction and maintenance between the defendant railroad company and the Baltimore and Ohio Railroad Company. The defendant took an appeal to the Superior Court, which was reported in 70 Pa. Superior Ct. 608.

The appeal was dismissed as set forth in the opinion in the present case.

On appeal to the Supreme Court, the case was remanded to the Superior Court with direction that the latter court dispose of the question raised upon its own independent judgment as to the law and the facts involved.

*Forest* and *Percy Allen Rose,* for Johnstown & Stony Creek Railroad Company, appellant.

OPINION BY KELLER, J., March 5, 1921:

The City of Johnstown made complaint to the Public Service Commission concerning conditions occasioned by the tracks of the Johnstown & Stony Creek Railroad Company et al. crossing certain streets in said city at grade. After a hearing the commission ordered, inter alia, the appellant to construct gates and maintain a watchman at the crossing of Messenger Street over the tracks of the said company and the tracks of the Baltimore & Ohio Railroad Company and that the cost of construction and maintenance be borne equally by the two companies. The appellant appealed from so much

of said order as divided the cost of constructing said gate and maintaining said watchman equally between it and the Baltimore & Ohio Railroad Company. This court affirmed the order of the commission saying: "We can find no evidence bearing on the order for division of cost and maintenance in the proportion fixed by the commission, but any change we might suggest as to how this cost should be divided would be a substitution of our judgment for that of the commission. This we cannot do: Ben Avon Boro. v. Ohio Valley Water Co. (No. 1), 260 Pa. 289": See Johnstown v. Johnstown & Stony Creek R. R. Co., 70 Pa. Superior Ct. 608. On appeal to the Supreme Court the case was remanded to this court with direction that we dispose of the question or questions raised upon our own independent judgment as to both the law and facts involved.

Had this street been crossed by the tracks of either the appellant or the other railroad company alone the commission could have ordered such company to construct the gates and maintain a watchman at its own expense irrespective of the number of its tracks. That being the case, the proportion in which such expense should be borne by both companies maintaining tracks across the street rested largely in the sound discretion of the commission. We are not convinced that the commission was bound to divide it in proportion to the number of tracks maintained by the respective companies or the number of trains operated on said tracks. As was suggested by Judge KEPHART when the case was here before, the commission having found safety gates necessary by reason of the tracks of both companies, the division of the cost of their construction and maintenance is not controlled by the trackage and property value of the several companies.

On due consideration of the whole matter, as to both the law and facts involved, it is our judgment that the order of the commission was within the broad statutory powers committed to it in this respect by the Public

Service Company Law; that it was neither arbitrary nor unreasonable; that it was not confiscatory or in violation of the due process clause of the Federal Constitution; and we therefore dismiss the appeal at the costs of the appellant.

LINN, J., took no part in the decision of this case.