# Sherman et al., Appellants, *v.* Public Service Commission et al.

*Water companies—Extension—Reasonableness.*

An order of The Public Service Commission dismissing a complaint of property owners that the respondent water company had refused to extend its service to the complainants, will be affirmed where it appears that the locality to be served was sparsely settled, future development uncertain, the initial cost of installing service would be $14,564, and the annual operating expenses of extension would be greatly in excess of the probable return.

The extension of service of a public utility is not dependent on profit, but the company should not be subjected to unreasonable expenditures resulting from premature development of remote sections of a city in advance of normal growth.

Argued March 8, 1927. Appeal No. 181 October T., 1926, from order of The Public Service Commission of Pennsylvania, Complaint Docket No. 6496, in the case of Howard Sherman, Samuel Wedeman, Peter

524     SHERMAN et al., Appels., *v.* P. S. C. et al.

Statement of Facts—Opinion of the Court.   [90 Pa. Superior Ct.

Miscovage, et al., v. Public Service Commission of the
Commonwealth of Pennsylvania and Scranton Gas and
Water Company. Before PORTER, P. J., HENDERSON,
TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM,
JJ. Affirmed.

Petition before The Public Service Commission to
require water company to supply service.

The facts are stated in the opinion of the Superior
Court.

Petition dismissed. Complainants appealed.

*Error assigned* was the order of the Commission.

*A. A. Vosburg,* for appellants.—The request of the
petitioners for service was justified: Scheib et al.
v. Hegins Water Co., P. U. Rep., 1924 B., 598; Farmer
v. City of Nashville, 156 S. W. 189; City of Houston
v. Lockwood, 144 S. W. 685; Jeter v. Water Co., 76
S. E. 921; City of New Castle v. Water Co., 250 Pa.
341.

*Wendell Y. Blanning,* Assistant Counsel, and with
him *John Fox Weiss,* Counsel, for The Public Service
Commission.

The order of the Commission was reasonable and
should be sustained: Marcus Hook v. Public Service
Commission, 87 Pa. Superior Ct. 210.

*Walter L. Hill,* of *Knapp, O'Malley, Hill & Harris,*
and with him *Snyder, Miller & Hull,* for Scranton Gas
& Water Company, intervenor-appellee.—The exten-
sion was not justified: Collins v. Public Service Com-
mission, 84 Pa. Superior Ct. 59; Andrews v. Public
Service Commission, 88 Pa. Superior Ct. 306; Temple
v. Northern Cambria Water Co., 11 Department Re-
ports, 1405.

OPINION BY KELLER, J., April 22, 1927:
This is an appeal from an order of the Public Serv-

ice Commission dismissing a complaint filed by ten property owners in the City of Scranton because of the refusal of the Scranton Gas & Water Company to furnish them water, though they offered to pay the usual charges for such water supply. The order is pro forma and fails to set forth the reasons which led to its entry. Consideration of the case by this Court would have been aided by a more complete report, but as the evidence in the case was not contradicted or in dispute, it is not necessary to refer the case back for findings.

The Scranton Gas & Water Company is the only agency supplying water in the City of Scranton. It operates a gravity system with reservoirs located on the hills or mountains surrounding, or near, the City.

The complainants, (appellants), own lots of grounds on Ferdinand Street, in what is known as the "Mountain Side," on which they have respectively built frame dwellings in which they live. The street, at this point, is not paved nor even graded; the hill is very steep and for some distance no road has been built and the houses can not be reached by vehicles. There are no sewers, but only outside closets. Complainants get their water at present from wells in the immediate vicinity. Their lots are located on the hillside at elevations varying from 1,040 to 1,150 feet. The lowest is about 150 feet away from the company's highest main in that neighborhood, which has an elevation of 1,024 feet. This section of the city is supplied from the Providence or Chinchilla reservoir, the spillway of which has an elevation of 1,029 feet, so that appellants' lots are from 11 to 127 feet above the company's reservoir and to supply them with water would require the laying of about 1,200 feet of high pressure pipe and the installation of a pumping system and a supply tank on ground with an elevation of 1,170 feet. The cost of this construction would be $14,564, and its operation would entail a yearly expense of $533.58, without any

allowance for interest on the investment ($873.84 at 6%) or annual depreciation (reasonably estimated at $354.90). As the complainants' homes are small and would use few taps, the revenue derived from their use of the water would be the minimum charge of $10 per house or $100 a year; if fire hydrants were installed by the city, $40 more. To bring water to this point by gravity from one of the Company's higher reservoirs would require the laying of five miles of high pressure pipe through a closely built section of the City of Scranton, as the present mains in the city would not stand the increased pressure; and the cost would be prohibitive. There is no present likelihood of any considerable building development near or beyond complainants' properties.

With this state of facts we are unable to find in the order of the Commission such a manifest and flagrant abuse of discretion as to require its reversal. As we have repeatedly said, this court is not a second administrative body and we have no authority to substitute our judgment for that of the Commission in the decision of such questions; nor should we reverse the determination of the Commission in such matters unless its order is clearly unreasonable and not in conformity with law: Collins v. P. S. C., 84 Pa. Superior Ct. 58; or a flagrant abuse of discretion is manifest: Marcus Hook v. P. S. C., 87 Pa. Superior Ct. 210.

We are not to be understood as holding that the extension of service of a public utility is dependent on the profit which may reasonably be expected therefrom; in proper cases such extension may be ordered though the immediate result of the expansion may entail financial loss to the company; but the company should not be subjected to unreasonable expenditures, nor the consuming public be unduly burdened, because of the over development or premature development of

scattered sections of the city in advance of its normal growth, when there is no rational expectation of the event justifying the expenditure.

The appeal is dismissed and the order of the Commission affirmed.