White Transit Co., Appellant, v. P. S. C. et al.

Argued October 24, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*E. M. Vale,* and with him *Abram Salsburg,* for appellant.—The primary object of the public service laws is to serve the interests of the public and not to establish a monopoly, or to guarantee the security of investment to public service corporations: Pottsville Union Traction Co. v. P. S. C., 67 Pa. Superior Ct. 301; Hoffman et al. v. P. S. C., 99 Pa. Superior Ct. 417.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel, for appellee.—The decision of the commission is administrative and should not be disturbed: Shearer v. Public Service Commission, 99 Pa. Superior Ct. 386; Riverton Consolidated Water Company v. Public Service Commission, 105 Pa. Superior Ct. 6.

*S. W. Rhoads,* and with him *F. W. Wheaton,* for Wilkes-Barre Railway Corporation, intervening appellee.

OPINION BY STADTFELD, J., April 17, 1933:

The White Transit Company, appellant, is a corporation of the State of Pennsylvania, engaged in the business of the transportation of persons by means of motor vehicles as a common carrier over various routes in the city of Wilkes-Barre and adjacent territory under a certificate of Public Convenience dated November 18, 1930.

One of the routes operated by it extends from Division Street, Wilkes-Barre, to the Borough of Plymouth by way of Carey Avenue, Fellows Avenue, Breslau Bridge and Breslau. This route along Fellows Avenue is crossed at grade by tracks of the Pennsylvania Railroad at two places and by five tracks of the connecting railroad which connects the freight yards of the Pennsylvania and the Delaware and Hudson Railroad

Companies. The crossing is protected by gates and watchmen.

On or about September 21, 1931, the White Transit Company filed its application with the Public Service Commission, praying for a certificate of public convenience for the operation of an alternate route via Lyndwood Avenue and West End Avenue over the following route: Beginning at the intersection of Carey Avenue and Division Street in the City of Wilkes-Barre; thence south on Carey Avenue to West End Avenue; thence west on West End Avenue to the intersection of Lyndwood Avenue; thence south on Lyndwood Avenue to Fellows Avenue; thence along Fellows Avenue over Breslau Bridge to Main Street in the Borough of Plymouth; thence on Main Street east and west to the present termini of the petitioner.

The application averred that the service over the proposed route would eliminate three railroad crossings over which frequently trains of cars stand and thereby block and impede traffic, as well as eliminate dangers incident to the traveling public in crossing railroad tracks.

Protest to the granting of said application was filed by Wilkes-Barre Railway Corporation and the Wyoming Valley Autobus Company.

The application and the complaint proceedings, subsequently referred to, were heard separately, the parties thereto agreeing that the records therein should be considered together by the commission.

Hearing on the application was had on October 8, 1931. Appellant produced forty-six witnesses, twelve of which were sworn and testified. The other thirty-four were not called but it was agreed, if called, would corroborate the testimony of the twelve to the effect that the railroad crossings, for periods ranging from fifteen minutes to three-quarters of an hour, were blocked at various times during the day, as a result of which people were late to work; that the crossings

were dangerous, and that it would be a great convenience and accommodation to the traveling public to have a certificate granted to the applicant over the alternate route, which was the only route available in order to avoid the crossings. It also appeared from the testimony of these witnesses, that no vehicle or passenger had been injured on the Fellows Avenue railroad grade crossings from the first bus operation in 1915 to date of hearing. Appellee offered testimony in support of its protest that destructive competition would be created between bus line and trolley line by granting the certificate applied for.

Subsequent to the hearing on the application of the White Transit Company, but before argument, the Wilkes-Barre Railway Corporation and the Wyoming Valley Autobus Company filed three complaints against the White Transit Company, alleging violations of the orders of the commission, in that appellant was illegally operating its buses over the Carey Avenue Bridge, and was also operating its Breslau Bridge buses over West End Avenue as far as Lyndwood Avenue and then over Lyndwood Avenue to Fellows Avenue which was the subject of consideration in its present application. Fellows Avenue crosses the Connecting Railroad and the Pennsylvania Railroad at grade; West End Avenue passes under the Connecting Railroad tracks and does not intersect the Pennsylvania Railroad tracks.

The complaints were heard on December 15, 1931, and the record made in the application of the White Transit Company, appellant, was offered in evidence by the latter as well as "such other records as appear before the commission." The testimony was to the effect that the White Transit Company had for some time been using the route over which it was seeking a certificate of convenience; and that this use was not only at times when the crossings were blocked, but also at other times.

There was also testimony to the effect that there was a decrease in earnings of the railway company in the last four years, of approximately 20%. In the particular district through which both the railway and the White Transit Company operate, there was a decrease of approximately 40%. Part of this loss was admitted to be due to the general industrial depression; part was attributed to competition of the bus line of the White Transit Company.

The examiner indicated at the conclusion of the testimony, as appears from the record, that the records would be considered together by the commission.

There was no testimony offered by the Wilkes-Barre Railway Corporation to controvert the testimony ex parte White Transit Company in support of its application as to the condition at the crossings and the delays when blocked. There was also no contradiction by the White Transit Company of the testimony ex parte protestant as to the use by the former of the alternate route over which a certificate was now sought, nor of the testimony in relation to the alleged decrease in earnings by the railway corporation.

It is in relation to the business to be derived from the district through which the proposed alternate route passes that the controversy in this case seems to center. This is quite evident from the fact that appellant's witness, Gallagher, associated with the White Transit Company in its operation, refused to stipulate, if granted a certificate of public convenience, not to take on or discharge passengers in this district. For approximately half the distance of the proposed alternate route the trolley car and the bus run side by side.

The commission by formal orders in the respective proceedings refused to grant the modification of the existing route as sought by appellant, and sustained the complaint that it was already illegally operating over the route and ordered it to cease and desist from the operation. The order refusing the application

states ...... "That the White Transit Company, applicant, has failed to establish, under the evidence adduced, that the proposed service is necessary and proper for the service, accommodation, convenience and safety of the public, etc., etc."

On April 22, 1932, the White Transit Company filed an application for rehearing. The rehearing was refused. From the order refusing the application, and the order refusing a rehearing this appeal was taken. Appellant contends that the orders of the commission are unreasonable and not in conformity with law because, (1) that the orders are contrary to the manifest weight of the testimony and that there is no substantial evidence in the record to support the finding that "the applicant has failed to establish that the proposed service is necessary and proper for the service, accommodation, convenience and safety of the public." (2) that the record does not disclose the reasons or facts upon which the commission based its finding, and does not specify what facts, if any, within its knowledge, or disclosed by other records, or what results reached by it in other cases were considered, and (3) that the order is not self-sustaining.

As has been repeatedly stated, this court is not a second administrative body and we have no authority to substitute our judgment for that of the commission in the decision of such questions as are involved in this case; nor should we reverse the determination of the commission in such matters unless its order is clearly unreasonable and not in conformity with law: Sherman v. P. S. C., 90 Pa. Superior Ct. 523; or a flagrant abuse of discretion is manifest: Marcus Hook v. P. S. C., 87 Pa. Superior Ct. 210.

The White Transit Company, appellant, does not propose to give up its crossing the tracks of the railroad company at grade. It proposes to keep that route at its convenience and adopt an alternate route when the passage across the tracks is blocked by railroad

cars. The consideration for safety of the public is, therefore, not involved to any great extent by this proceeding, for the appellant expects to continue to cross the railroad tracks at grade when they are not blocked by cars. The danger to travelers is not occasioned to any great extent when the crossing is blocked, but when it is open, and the applicant proposes to continue to cross it at grade when open. While some of the traveling public using the buses might find it more convenient if the buses were allowed to be routed as prayed for, others, however, working in the Vulcan Iron Works would be inconvenienced if all or most of the buses took the new route. The public along the alternate route are now being adequately served by the street railway company, and the effect of granting the appellant's application will be simply to install competition which would be disastrous to the street railway company, and yet not furnish sufficient accommodation to take its place. The appellant's refusal, if granted a certificate of public convenience, to stipulate that it would not accept or discharge passengers over the alternate route, coupled with the fact that it has already been defying the law by operating over the proposed route for which it now seeks approval, indicate that the competition referred to would undoubtedly follow. These facts all appear in the record and are sufficient to sustain the action of the commission. There was no error in considering the records in the other cases: Hoffman v. P. S. C., 99 Pa. Superior Ct. 417.

The assignments of error are overruled and the appeal dismissed.