Erie, Appellant, *v.* Public Service Commission et al.

Argued October 23, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Edward M. Murphy,* City Solicitor, and *Henry R. Jeffs,* Assistant City Solicitor, for appellant, submitted on paper book.

*E. Everett Mather, Jr.,* with him *Paul H. Rhoads, Samuel Graff Miller* and *John Fox Weiss,* for Public Service Commission.

*S. Y. Rossiter,* for Pennsylvania Railroad Company, intervening appellee, submitted on paper book.

246

The City of Erie, by ordinance adopted before the enactment of the Public Service Company Law of 1913, required the Pennsylvania Railroad Company and other railroads to provide safety gates and watchmen during a portion of the day at certain grade crossings in that city. The Pennsylvania Railroad Company made application to the public service commission for an order allowing it to substitute automatic "standard colorlight highway crossing signals" for the protection theretofore given. The City of Erie became a party to the proceeding and, after hearing, the commission made an order requiring the substitution of automatic signals for the protection previously provided. The city has appealed and here questions the jurisdiction of the commission and maintains that the evidence did not support the order.

The power to make the order here involved is expressly given to the commission by Section 12 of Article V of the Public Service Company Law of 1913, P. L. 1374, as amended by Act of July 17, 1917, P. L. 1025 (66 PS 571, 577). That section provides in part that "the commission shall have exclusive power ...... to determine, order, and prescribe ...... the just and reasonable manner, including the particular point of crossing, in which the tracks or other facilities of any public service company may be constructed ...... across any public highway, at grade, or above or below grade; or in which any public highway may be constructed across the tracks or other facilities of any railroad corporation ...... at grade, or above or below grade; and to determine, order and prescribe the terms and conditions of installation and operation, maintenance and protection, of all such crossings which may now or hereafter be constructed, including the stationing of watchmen thereat, or the installation and regulation of lights, block or other system of sig-

naling, safety appliances, devices, or such other means or instrumentalities as may to the commission appear reasonable and necessary,—to the end, intent, and purpose that accidents may be prevented and the safety of the public promoted.''

The contention of the city, briefly, is that prior to the enactment of the Public Service Company Law the City of Erie, by virtue of its police power, was authorized to regulate traffic and provide for the safety of pedestrians on its streets and that, notwithstanding the Public Service Company Law, the city retains that same power. In support of this proposition, the city relies upon the case of City of Easton v. Miller, 265 Pa. 25, 108 A. 262.

Assuming that prior to January 1, 1914, the city had power to enact the ordinances in question, the terms of the Public Service Company Law are so clear and specific with relation to the very subject with which we are dealing that it would not seem to require argument to support the jurisdiction of the commission. In any event, each and every question that is raised by the appellant on the subject of the jurisdiction of the commission was raised in a former proceeding by the same municipality. In Erie v. P. S. C., 74 Pa. Superior Ct. 265, the questions here raised are discussed at length and it is only necessary to show that the same principles were involved. By virtue of Section 12 the commission was given authority to order any railroad crossing at grade re-located, altered, or abolished. The commission ordered existing grade crossings at certain streets to be abolished by closing the portions of the streets between the right of way lines of the railroad. This court upheld the jurisdiction of the commission to so close the portions of the streets covered by the rights of way of the railroad company. Certainly the power of a municipality to lay out and maintain streets within the municipality

was just as clearly defined as was its power to provide for protection at grade crossings, yet it was held that the commission had jurisdiction in such a matter. The legislature having created the municipality and made it an agency of the Commonwealth could take the power from the municipality and give it to another agency.

In that case full consideration was given to the same contention that is raised here with reference to the case of the City of Easton v. Miller, supra. The doctrines of the Easton case have been followed by this court without wavering: Setzer v. City of Pottsville, 73 Pa. Superior Ct. 573; Shamokin & Mt. Carmel T. Co. v. Mt. Carmel, 268 Pa. 276, 110 A. 927; Valley Railways v. Harrisburg, 280 Pa. 385, 397, 398, 124 A. 644; Midland Borough v. Steubenville, etc. Co., 300 Pa. 134, 150 A. 300; Marcus Hook Boro. v. Public Service Commission, 87 Pa. Superior Ct. 210. Here the commission is specifically given authority to determine what safeguards shall be provided at grade crossings. In the Easton case it was held that a city had the right to prescribe the route that should be followed by all vehicles, including street cars, in a congested center of the city. There the public service commission was not given jurisdiction over such matters, but in the case of grade crossings it was given to the commission exclusively in terms that are clear and unambiguous.

The appellant further contends that the order ought not to have been made. We cannot agree with this contention for the entire argument of appellant attacks only the wisdom of the decision by the commission on a purely administrative question. On that subject we stated in Harmony Elec. Co. v. P. S. C., 71 Pa. Superior Ct. 355, 360: "We have repeatedly said that this court is not a second administrative body and we have no authority to substitute our judgment

for that of the commission in the decision of such questions. We would not be warranted in reversing the determination of the commission save in a case which involved a manifest and flagrant abuse of discretion." Also, see Marcus Hook Boro. v. P. S. C., 87 Pa. Superior Ct. 210, and cases there cited.

The question presented to the commission for consideration was whether automatic signals of the latest design to be operated twenty-four hours per day should be substituted for safety gates and watchmen on duty a portion of the day. There was evidence showing the relative merits of the different systems of protection, the extent and nature of the traffic over the crossings in question, and the character of properties in the vicinity. This presented a purely administrative question and it was for the public service commission and not this court to determine the controversy. Nothing appears from which it could be concluded that there was any abuse of discretion upon the part of the commission.

The order of the public service commission is affirmed at the cost of the appellant.