New York Central Railroad Company, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued October 1, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Paul W. Reeder,* with him *Furst, McCormick, Muir & Lynn,* for appellant.

*William A. Donaher,* Assistant Counsel, with him *Jack F. Aschinger,* Assistant Counsel, and *Thomas M. Kerrigan,* Acting Counsel, for appellee.

OPINION BY WATKINS, J., November 12, 1957:

This is an appeal by The New York Central Railroad Company from an order of the Commission, in which the Commission directed that the railroad company install automatically operated flashing-light railroad crossing warning signals, in lieu of existing automatically operated crossing warning bells, and allocat-

ed 50% of the costs incurred in the installation upon the railroad company.

The order of the Commission, dated June 13, 1955, approved the Application of the Department of Highways of the Commonwealth of Pennsylvania to alter the crossings, at grade, where State Highway Route 41022 is crossed by a track of The New York Central Railroad Company in Brown Township, Lycoming County. The order of the Commission insofar as it relates to this appeal required the railroad company to remove an existing warning bell and control apparatus and to install automatically operated flashing-light signals. The costs thereof were to be borne equally by the Department of Highways and The New York Central Railroad Company.

The appellant contends that the decision of the Commission was unreasonable, and an abuse of administrative discretion, and further that the Commission failed to make findings of fact sufficient under the law.

We cannot agree with these contentions. By order, dated August 7, 1956, the Commission denied the petition, dated August 26, 1955, for modification of the Commission's order issued on June 13, 1955, in this proceeding. The Commission stated that "Although the record shows that there are only 89 vehicular movements daily on the existing highway and that certain siding tracks of the railroad company have been removed from within the vicinity of the crossing since the date of the issuance of our prior order, we are of the opinion that the restricted sight distances at the crossing constitute a hazard and that the prevention of accidents and the promotion of the safety of the public require the installation of automatically operated flashing-light signals at the crossing."

Under the Public Utility Law, Act of May 28, 1937, P. L. 1953, as amended, broad and exclusive powers are

entrusted to the Commission in cases involving the construction, improvement, protection, and abolition of crossings. Section 409 (b) of the Act provides: "The commission is hereby vested with exclusive power to appropriate property for any such crossings, and to determine and prescribe, by regulation or order, the points at which, and the manner in which, such crossing may be constructed, altered, relocated or abolished, *and the manner and conditions in or under which such crossings shall be maintained, operated, and protected to effectuate the prevention of accidents and the promotion of the safety of the public."* (Emphasis ours)

The Commission in this case had determined that the application of the Department of Highways for alteration of the crossing in question should be approved. The appellant does not complain of this order. Under Subsection (b), as above set forth, the Commission must then determine what crossing protection was necessary in the promotion of the safety of the public. The Commission's finding was largely based upon the restricted sight distances constituting an increased hazard. This was certainly a reasonable deduction from the evidence submitted.

The appellant makes much of the fact that witnesses for the highway department testified that cross-buck railroad crossing warning signs would be sufficient protection for the travelling public at this station. This testimony, of course, must be taken into consideration with other evidence in arriving at the judgment of the Commission, but certainly the law does not require the substitution of the judgment of the highway department for the judgment of the Commission.

The appellant's attack on the sufficiency of the Commission's findings is wholly without merit. The order of the Commission is sufficient compliance with the Act. See *Lyons Transp. Co. et al. v. Pa. P. U. C.,* 163

Pa. Superior Ct. 335, 338, 61 A. 2d 362 (1948), where this Court said: "Section 203, Art. II, of the Act of May 28, 1937, P. L. 1053, the Public Utility Law, 66 PS 1123, provides that the commission, in granting a certificate of public convenience, 'shall find or determine that the granting of such certificate is necessary or proper for the service, accommodation, convenience or safety of the public; . . .' In this case, the commission found 'that existing motor carrier transportation service in the area affected by this application is not of a type or character which satisfies the public need and convenience and that the proposed service would tend to correct or substantially improve that condition; . . .' This finding is sufficient compliance with the Act (Kulp v. Pa. P. U. C., 153 Pa. Superior Ct. 379, 33 A. 2d 724) and since there is competent and substantial evidence to support it, the finding will sustain the order."

The only question left for discussion is whether or not there was sufficient evidence to support the finding. We feel that the entire argument of the appellant attacks only the wisdom of the commission's decision on a purely administrative question. This Court, in *City of Erie v. P. S. C.,* 116 Pa. Superior Ct. 244, 248, 176 A. 530 (1935) stated:

"The appellant further contends that the order ought not to have been made. We cannot agree with this contention for the entire argument of appellant attacks only the wisdom of the decision by the commission on a purely administrative question. On that subject we stated in *Harmony Elec. Co. v. P. S. C.,* 71 Pa. Superior Ct. 355, 360: 'We have repeatedly said that this court is not a second administrative body and we have no authority to substitute our judgment for that of the commission in the decision of such questions. We would not be warranted in reversing the determina-

tion of the commission save in a case which involved a manifest and flagrant abuse of discretion'."

The census shows that 53 passenger cars, 7 school buses and 17 trucks used the crossing during the 24-hour period. During the same period railroad traffic consisted of 16 freight trains and one truck car. An examination of the appellee's exhibits, setting forth the sight distances at the crossing and the photographs of the grade crossing, together with the above traffic evidence, justifies the finding of the commission. Such a finding is reasonable and we believe, a wise exercise of common sense prompted by caution, to prevent accidents and promote the safety of the public at this crossing. It most certainly was not a manifest and flagrant abuse of administrative discretion. *City of Erie v. P. S. C.*, supra.

There is sufficient, competent evidence to support the finding of the commission. The order is reasonable and the commission did not abuse its administrative discretion in determining the type of protection necessary on this crossing to effectuate the prevention of accidents, and the promotion of the safety of the public.

Decision affirmed.