# Linton *versus* Sharpsburg Bridge Company.

1. When the law authorizes a road to be made, it authorizes the taking of the land needed for the purpose, though it should not expressly say so.

2. When a law authorizes the erection of a bridge, it authorized the taking of land for its abutments, when compensation is provided for, without express terms to that effect.

3. The necessary incidents of an authority expressly granted, need not be themselves expressed.

IN EQUITY.—Appeal from the decree of the District Court of *Allegheny county.*

John Linton, the complainant, was the owner of a certain leasehold, for the purposes of a ferry landing, on the Allegheny river, opposite Sharpsburg. Charles Peterson was originally the owner of what is called the Sharpsburg Ferry. About the 3d day of April, A. D., 1849, he sold the same, with about five acres of land, in fee simple, to G. A. Forbes; and in order to secure to said G. A. Forbes, his heirs and assigns, the uninterrupted and exclusive use of said ferry, he, with his wife, executed a lease, covering the whole of their land on the river, and leasing the same to said G. A. Forbes, his heirs and assigns, for the term of twenty years. The same was occupied by said Forbes, and complainant, his assignee, for ferry purposes, until about the 15th July, 1854, when defendants commenced excavating the landing, and building an abutment thereon for their said bridge.

The bill in this case, praying for an injunction to restrain them as an appropriate remedy, was then filed,—and, after a hearing, upon a motion for a special injunction, on the 4th day of November, A. D., 1854, a special injunction was awarded. Thus the matter stood until the meeting of the legislature, and upon the last day of the session, the Act of May 5th, 1855, was passed.

After the passage of this act, a petition was filed by defendants in the Court of Common Pleas of Allegheny county, asking for the appointment of viewers to assess the damages sustained by complainant, from the erection of the bridge. The viewers were appointed, and assessed the damage at $200. On motion the special injunction was dissolved. June 28, 1856, the cause came on to be heard, on bill, answer and replication; and after being argued, was dismissed at the costs of the defendants, for the reason that complainant had a good cause of action when he filed his bill, but which was subsequently taken away by the acting of the legislature.

[Linton v. Sharpsburg Bridge Co.]

Appellant alleged the following errors.

1. The court erred in deciding that the Act of Assembly, passed since the filing of the bill, May 5, 1855, gave the defendants power and authority to enter upon, and appropriate to their use the land of complainant.

2. The court erred in dismissing the bill of complaint, for the reasons stated in their opinion.

*Arthurs*, for appellant.

It is admitted that, at the time of filing the bill in this case, and up to the time of the passage of the Act of the 5th of May, 1855, the complainant was entitled to a decree, awarding an injunction against defendants, as prayed for in his bill. How has the Act of May 5, 1855, interfered with complainant's rights? The act is in these words : " Be it enacted," &c., " that the damages and compensation to be paid to the owner or owners of lands, which may be taken or appropriated by the company, to erect a bridge over the Allegheny river, at or near Sharpsburg, in Allegheny county, for their said bridge, or the roads connecting therewith, which they are empowered to make, shall be ascertained and determined in the manner prescribed by the eleventh section of the Act of Assembly of this Commonwealth, approved the nineteenth day of February, one thousand eight hundred and forty-nine, entitled ' An Act regulating Railroad Companies.' " This act sets forth the mode of assessing the damages only in the manner prescribed by the Act of 19th February, 1849, but contains no clause, as specifically set forth in said last mentioned act, giving to defendants any power or authority to enter upon, and appropriate any lands for the use of said bridge. A corporation has no powers but such as are conferred upon it by its charter,—and such an extraordinary power as that, to take and appropriate land to their own use, will never be inferred. 9 Watts, 550 ; 2 Barr, 400 ; 2 H. 241 ; 4 H. 182.

*Hamilton, contra.*

The opinion was delivered November 27, 1856.

PER CURIAM.—This cause was properly disposed of by the District Court. Where the law authorizes a road to be made, it authorizes the taking of the land needed for the purpose, though it should not expressly say so. And just as certainly, if not so plainly, where it authorizes the erection of a bridge, it authorizes the taking of land for its abutments, when compensation is also provided for, even though it be contained in no express terms. The necessary incidents of an authority expressly granted need not be themselves expressed.

Decree affirmed.