# Ligonier Valley Railroad Company, Appellant, *v.* Public Service Commission.

*Public service company law—Public Service Commission—Rail-roads—Grade crossings—Abolition of—Apportionment of expense —Acts of July 26, 1913, P. L. 1374, and July 17, 1917, P. L. 1025.*

An order of the Public Service Commission, declaring a grade crossing to be dangerous and ordering its elimination, will be affirmed, where there is sufficient evidence to support the findings of the commission.

In such case an order against a railroad company to pay the sum of $50,000 and to contribute a portion of its right-of-way in an improvement costing $163,000 is reasonable and in conformity with law.

The fact that the reconstructed highway will be wider and on a more elaborate scale than the existing road is not controlling.

Argued May 5, 1924. Appeal, No. 67, April T., 1924, by Ligonier Valley Railroad Company, from order of the Public Service Commission, No. C. 5181, on complaint of the Department of Highways of the Commonwealth of Pennsylvania v. Ligonier Valley Railroad Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Complaint of the department of highways as to dangerous conditions and character of crossing on Lincoln Highway, Ligonier Township, Westmoreland County.

The facts are stated in the opinion of the Superior Court.

The commission made an order which was, in part, as follows:

It is further ordered: That the State Highway Department of the Commonwealth of Pennsylvania, at its own cost and expense, do all the work necessary to construct the proposed steel and concrete viaduct approximately eight hundred (800) feet in length, with the abutments thereof, and approaches thereto, and relocate

State Highway Route No. 119 for approximately thirty-two hundred (3,200) feet,—all in accordance with the modified plans herein approved.

It is further ordered: That the work of relaying the water pipe line of the Latrobe Water Company be done by and at the expense of the State Highway Department, or said department may permit said work to be done by the Latrobe Water Company and pay said company the cost thereof, as the highway department and the Latrobe Water Company may mutually agree.

It is further ordered: That the Ligonier Valley Railroad Company be and it is hereby assessed and shall pay to the State Highway Department of the Commonwealth of Pennsylvania, to apply on the cost of the work to be done by said highway department, the sum of fifty thousand dollars ($50,000), said sum to be paid when and as certified by the Public Service Commission.

It is further ordered: That the County of Westmoreland be and it is hereby assessed and shall pay to the State Highway Department of the Commonwealth of Pennsylvania, to apply on the cost of the work to be done by said highway department, the sum of forty-three thousand dollars ($43,000), said sum to be paid when and as certified by the Public Service Commission; and in addition thereto shall pay all damages due the owners of adjacent property taken, injured or destroyed by reason of the improvement herein ordered, excepting, however, any damages which may be due on account of property owned by the Ligonier Valley Railroad Company.

It is further ordered: That the Township of Ligonier be and it is hereby assessed and shall pay to the State Highway Department of the Commonwealth of Pennsylvania, to apply on the cost of the work to be done by said highway department, the sum of three thousand dollars ($3,000), said sum to be paid when and as certified by the Public Service Commission.

It is further ordered: That the sum of thirteen thousand dollars ($13,000) be and the same is hereby appro-

504 LIGONIER V. RY. CO., Appel., *v.* PUB. SER. COM.

priated by the Public Service Commission of the Commonwealth of Pennsylvania out of the funds specifically appropriated to it by the Act of May 27, 1921, Appropriation Bill No. 447-A, for the purpose of this improvement; said sum to be paid to the State Highway Department of the Commonwealth of Pennsylvania upon completion of the improvement herein ordered.

It is further ordered: That the Ligonier Valley Railroad Company, respondent, contribute so much of its right-of-way as is necessary for the construction of the improvement herein ordered.

It is further ordered: That, upon the completion of the viaduct the Ligonier Valley Railroad Company thereafter maintain so much of the superstructure as extends over the right-of-way of said railroad company, excluding, however, the road pavement thereon, and the County of Westmoreland shall maintain thereafter that portion of the structure which extends over Loyalhanna Creek, excluding the road pavement. Respondent appealed.

*Error assigned* was the order of the commission.

*Robert W. Smith,* of *Smith, Best & Horn,* for appellant.

*Frank M. Hunter,* Counsel, and *John Fox Weiss,* Assistant Counsel, for the Public Service Commission.

OPINION BY LINN, J., July 2, 1924:

This appeal is from an order of the commission in a proceeding under the Public Service Company Law (1913, article V, section 12, P. L. 1374, 1408, as amended 1917 P. L. 1029), at the instance of the State Highway Department, to abolish a grade crossing over the Lincoln Highway in Ligonier Township, Westmoreland County. The estimated cost of the entire improvement ordered is about $163,000, of which appellant is directed to pay,

$50,000, to contribute so much of its right-of-way as is necessary for the construction of the improvement, and thereafter to maintain so much of the superstructure as extends over its right-of-way, excluding, however, the road pavement thereon. The single complaint now made is that the assessment against appellant is too high.

State Highway, Route No. 119,—the Lincoln Highway —crosses appellant's single track railroad with an ascending grade from the west of 13.6%, and at an angle of about 45 degrees. The width of appellant's right-of-way is 60 feet, now occupied only by a single track. Five hundred feet from the crossing is a county bridge, now but 15 feet wide and about 150 feet long, over Loyalhanna Creek. The record shows very extensive use of the highway over the crossing but infrequent railway movement over the highway; a curve and a cut restrict the traveler's view of approaching trains.

After public hearings, participated in by appellant, the commission found the crossing was dangerous and its abolition necessary for the safety, accommodation and convenience of the public; there is sufficient evidence to support the finding.

The plan adopted by the commission for the improvement, requires the reconstruction of 3,200 feet of the Lincoln Highway; its grade, curves, proximity of the county bridge to the railway crossing, and the conformation of the land, make the construction of the county bridge at another location preferable; of the 3,200 feet, 800 feet are viaduct, carrying the highway over the railroad, at 22 feet clearance, (and with room for a second track) and also over the creek; short curves in the present highway are taken out, and the grade is reduced to 5%. The physical conditions disclosed in the record support the plan adopted; there is no evidence for any alternative plan; so that from what appears, we may not say that the commission exceeded its authority in adopting the plan, even though it involved the construction of 3,200 feet of highway, and in part, the relocation. The esti-

mated cost was assessed against appellant, the township, the county, and the state; and, as has been said, only appellant complains.  The record contains two itemized statements of the estimated cost; by the first one, the superstructure over appellant's right-of-way alone, was required to be 96 feet in length at a cost of $39,600; by a later estimate the superstructure over the right-of-way was reduced to 76 feet in length at an estimated cost of $35,230;  the plan taking this estimate was adopted. That sum includes no part of the approaches, which, of course, are essential to the change and constitute an element to be considered in apportioning the contribution to be made by the railway company.

The statute provides: "......the expense of the said construction, relocation, alteration, or abolition of any such crossing, shall be borne and paid, as hereinafter provided, by the public service company or companies or municipal corporations concerned, or by the Commonwealth, either severally or in such proper proportions as the commission may, after due notice and hearing, in due course, determine,......" (section 12, amend. of 1917, P. L. 1030).  We are not impressed with the suggestion that the order is not within the statute because the reconstructed highway will be wider and better constructed than the existing road; nor is the assessment against appellant inconsistent with the provision of the earlier Act of May 31, 1911, P. L. 468, designating state highways and providing that they shall be "constructed and maintained at the sole expense of the Commonwealth." In considering that statute, we said in Erie R. R. Co. v. Pub. Ser. Com., 77 Pa. Superior Ct. 196, 205, that "it is quite clear there was no legislative intent to confuse the powers of these two great departments nor to make one dependent on the other, save and save only where a highway was, or was to be crossed at grade by, or was to be carried over or under the tracks or facilities of a public service company.   Within its own proper sphere each was the state itself."   It was also stated that the plan

proposed in that case could have been carried out by the State Highway Department "without either aid or interference from the Public Service Commission." But the record before us shows the contrary. The dependence there specified exists here. No reason has been suggested, nor do we perceive any on this record which would warrant our holding that the assessment against appellant is not within the statutory power of the commission as recently interpreted: R. R. Co. v. Commission, 71 Pa. Superior Ct. 15, 19; Paradise Twp. v. Commission, 75 Pa. Superior Ct. 208; Erie R. R. Co. v. Commission (supra); Lancaster County v. Commission, 77 Pa. Superior Ct. 495; Erie R. R. Co. v. Commission, 76 Pa. Superior Ct. 170, and 271 Pa. 409.

Appeal dismissed.