## Howe et al. *v.* Pennsylvania Railroad Company, Appellant.

Argued January 7, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

338

*Frank M. Hunter,* of *Hannum, Hunter, Hannum & Hodge,* for appellant.—Appellants' claim for damages were predicated not on the character, size, proximity, location, etc., of the bridge structure or on interference with light, air, drainage or direct ingress and egress to appellants' respective properties, but were solely referable to the vacation of the highway within the railroad right-of-way.

No jury trial is demandable under article XVI, section 8 of the state Constitution for ascertainment and determination of such damages: P. R. R. v. Lutheran Congregation, 53 Pa. 445; Carver v. Paul, 24 Pa. 207; Howard Street, 142 Pa. 601; Howell v. Boro., 212 Pa. 349; Donnelly v. Pub. Serv. Com., 268 Pa. 345.

The Public Service Company Law does not authorize these appeals: West Virginia P. & P. Co. v. Commission, 61 Pa. Superior Ct. 555; Holmes v. Commission, 79 Pa. Superior Ct. 381.

The undisputed physical facts disprove the existence of any compensable damages as a matter of law, and hence no jury trial is demandable: Holmes v. Pub. Serv. Com., 79 Pa. Superior Ct. 381; Ruscomb St., 30 Pa. Superior Ct. 476; Edgemont St., 66 Pa. Superior Ct.

142; Spang & Co. v. Com., 281 Pa. 414; Robbins v. Scranton, 217 Pa. 577.

*James L. Rankin,* with him *Alexander B. Geary,* for appellee.—The provision guaranteeing the right of appeal is "from any preliminary assessment of damages" and is without limitations; and further provision is made that "the amount of such damages in all cases of appeal shall be determined by a jury": Robbins v. Scranton, 217 Pa. 577.

The legislature has placed claims for damages for vacation of a road or street, in boroughs and townships, upon the same basis as claims for laying out, opening, widening, grading and change of grades; in the light of these statutes, two leading cases in our State become very appropriate: Mellor v. Phila., 160 Pa. 614; Melon St., 182 Pa. 397; Hare v. Rice, 142 Pa. 608.

The property owners in the present cases followed the practice which has been adopted in our State since 1913, and which practice has had the sanction of decisions in both the Superior and Supreme Courts: Holmes v. Pub. Serv. Com., 79 Pa. Superior Ct. 381; Hoffer v. Reading Co., 287 Pa. 120; Spang & Co. v. Com., 281 Pa. 414.

Appellees' right to damages is firmly sustained by the following cases: Donnelly v. Pub. Serv. Com., 268 Pa. 345; Robbins v. Scranton, 217 Pa. 577.

OPINION BY MR. JUSTICE SIMPSON, January 28, 1929:

After the Superior Court's approval of an order of the public service commission directing the work to be done in abolishing a grade crossing (Borough of Marcus Hook v. Pub. Serv. Com., 87 Pa. Superior Ct. 210), thirteen near-by property owners, alleging that they had been or would be injured by the making of the improvement, applied to the commission to assess the amount of their damages, as provided by article V, section 12 of The Public Service Company Law of July 26, 1913, P. L. 1374, 1408, as amended by the Act of July 17, 1917, P. L.

340

1025. Testimony was taken, the commission decide 1 that none of the claimants had been or would be dan - aged, and dismissed all their claims. They separatel/ appealed to the court of common pleas, where the present appellant filed a petition, in each case, praying a dismissal of the appeal for want of jurisdiction in that court. These petitions were dismissed, whereupon thirteen appeals were duly taken to this court, in order to obtain preliminarily, by virtue of the Act of March 5, 1925, P. L. 23, a final decision regarding the jurisdiction of the court of common pleas. That is the single question raised on this record, and is the only one we decide.

Section 3 of the Act of June 3, 1915, P. L. 779, 780, amending section 17 of the Public Service Company Law, provides that "in case of an appeal from the award of damages or compensation by the [public service] commission,......the appeal shall, in case any party is entitled to demand a jury trial under section 8 of article XVI of the Constitution of this Commonwealth, be to the courts of the proper county thereof, but in all other cases shall be to the said Superior Court." It will be noticed, it is only "in case of an appeal from the award of damages or compensation," if there is also a constitutional right "to demand a jury trial," that the appeal shall "be to the courts of the proper county," that is, to the common pleas courts. If that dual situation does not exist, there is then one of "other cases" regarding which the statute peremptorily declares the appeal "shall be to the said Superior Court." Here, there was no award of damages, the property owners appealed to the wrong tribunal, and their appeals should have been quashed by it.

The exact question above decided has never heretofore been presented to or argued in this court or the Superior Court, nor has any assignment of error even suggested it. The case nearest in point is Donnelly v. Pub. Serv. Com., 268 Pa. 345, where the appeal was taken to the court of common pleas. There, however, the commission

had made an award, and the property owner had a constitutional right to a trial by jury, under In re Melon St., 182 Pa. 397, and the cases in its train, since, by the vacation of one of the streets on which his property abutted, access to it from that direction was wholly cut off. Probably for this reason it was expressly agreed by the parties not to "argue or present any questions affecting the......right of claimant to appeal to the court of common pleas": 268 Pa. 349-50. In Spang & Co. v. Com., 281 Pa. 414; Hoffer v. Reading Co., 287 Pa. 120, and Holmes v. Pub. Serv. Com. (No. 2), 79 Pa. Superior Ct. 381, it would not have been necessary to consider the present point if it had been raised (which it was not), since it was held the claimants were not entitled to damages in any event. In West Virginia Pulp & Paper Co. v. Pub. Serv. Com., 61 Pa. Superior Ct. 555, the appeal was from the commission's ruling on a question regarding the reasonableness of an increased freight rate. And in Beaver Co. v. Pub. Serv. Com., 85 Pa. Superior Ct. 422, there was an award of damages by the commission, but neither the report nor the printed record shows whether or not there was a constitutional right to a trial by jury. Presumptively there was, since the Superior Court, without being asked so to do, quashed the appeal because it should have been taken to the court of common pleas.

The order of the court below in each of the thirteen cases is reversed, and each appeal from the decision of the public service commission to the court of common pleas is quashed at the cost of appellant in that court.