## Muscato, Appellant, v. City of Erie.

Argued May 12, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Charles P. Hewes,* for appellant, cited: Brew v. Hastings, 206 Pa. 161.

*Henry MacDonald,* with him *J. B. Held* and *T. P. Dunn,* for appellee, cited: Pittsburgh, etc., R. R. v. Boro., 287 Pa. 311; Westmoreland, etc., Co. v. Pub. Ser. Co., 294 Pa. 451; City of Erie v. Pub. Ser. Com., 74 Pa. Superior Ct. 265.

OPINION BY MR. JUSTICE SIMPSON, June 27, 1931:

Under the authority of a municipal ordinance, the City of Erie entered into a written agreement with two railroads for the abolition of certain grade crossings in the city. With a few immaterial modifications, it was approved by the Public Service Commission, after a hearing in due course, and a certificate of public convenience was issued accordingly. Appellant had a leasehold interest in a property on Peach Street, the grade of which was changed in making the improvement, and he thereupon presented his petition to the commission, under the authority of article V, section 12 of the Public Service Company Law of July 26, 1913, P. L. 1374, 1408, asking it to determine the amount of damages he had suffered by that change of grade. Upon evidence duly taken, the commission decided that he had sustained no damages. Thereafter, he filed a petition in the court of common pleas, asking it to appoint a jury of view to have the same damages determined by it. From the

order of the court refusing to make the appointment, he prosecutes this appeal.

The order must be affirmed. His belated contention seems to be that the Public Service Company Law does not apply to cases where, as here, the proceeding relative to the abolition of a grade crossing, had its inception in a contract between a municipality and the utilities affected. Section 11 of Article III of the statute (P. L. 1395) expressly states the contrary. It say that "No contract or agreement between any public service company and any municipal corporation shall be valid unless approved by the commission."

This being so, it is clear that a property owner who alleges he has or will sustain damages by reason of the improvement, must have the amount ascertained in the way provided by article V, section 12 of the Act, just as appellant first sought to have them determined. It is there said (page 1410) : "The compensation for damages which the owners of adjacent property taken, injured or destroyed may sustain in the construction, relocation, alteration or abolition of any such crossing......shall, after due notice and hearing, be ascertained and determined by the commission; and such compensation..... shall be borne and paid......either severally or in such proper proportions as the commission may, after due notice and hearing, in due course, determine, unless the said proportions are mutually agreed upon and paid by those interested as aforesaid." It follows that the court below properly refused to appoint a jury of view to assess damages which the only tribunal authorized to pass on the subject had conclusively determined did not exist.

The order of the court below is affirmed.