Lehigh Valley R. R. Co., Appellant, v. P. S. C.

424

Argued March 22, 1932.

Before Trex-
ler, P. J., Keller, Gawthrop, Cunningham, Baldrige,
Stadtfeld and Parker, JJ.

*Berne H. Evans,* and with him *Ralph J. Baker* of
*Hause, Evans & Baker* and *Herbert W. Smith,* for
appellant.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:

Prior to March 3, 1930, the Department of Highways of the Commonwealth relocated a portion of State Highway Route No. 515, extending from the Borough of Dupont to Wilkes-Barre in Luzerne County. The highway as relocated crosses above grade the double track line of the Lehigh Valley Railroad Company at a point in Laflin Borough, Luzerne County, about a quarter of a mile south of Jenkins Station of the railroad company. On March 3, 1930, the secretary of highways petitioned the Public Service Commission for a certificate of public convenience approving the construction of the crossing above grade and for the allocation of the cost and expenses incident thereto. On May 14, 1930, the Department of Highways filed a complaint alleging that a township road connecting with State Highway Route No. 515, as relocated, crosses at grade the tracks of the Lehigh Valley Railroad Company and the track of the Erie Railroad Company at a point adjacent to Jenkins Station, and that the grade crossing of this highway over the tracks of the Lehigh Valley Railroad Company should be eliminated and the crossing over the tracks of the Erie Railroad Company should be altered and relocated. The two proceedings were heard together by the commission and a single report and order was made. The commission found that the grade crossing over the Lehigh Valley tracks was dangerous and its abolition necessary for the safety of the public; there is sufficient evidence to support the finding. It also approved the proposed overhead crossing. The plan submitted in evidence by the Department of Highways and adopted by the commission provides for the elimination of the grade crossing over the tracks of the Lehigh Valley Railroad Company by the construction

of a new highway approximately fifteen hundred feet in length along the west side of the Lehigh Valley tracks to connect with the relocated state highway at a point about two hundred feet southwest of the proposed bridge over these tracks. The construction of the new bridge and the new connecting highway provides access to the relocated state highway and thus permits the elimination of the grade crossing over the Lehigh Valley tracks. The estimated cost of constructing a bridge carrying the relocated state highway over the two existing tracks of the Lehigh Valley Railroad Company, with a twenty-three foot vertical clearance over the tracks, was $57,864. The railroad company suggested to the commission the advisability of constructing a bridge of sufficient length to span three tracks. The commission adopted this view and estimated the cost of such a bridge at $67,195. The estimated cost of constructing the new connecting highway and making the alterations and relocation of the grade crossing of the Erie Railroad Company, including damages to private property, amount to $8,065, bringing the total estimated cost of the entire improvement to $75,510, of which the Lehigh Valley Railroad Company was directed to pay $18,000. It has brought two separate appeals from the order, one in the proceeding to eliminate the grade crossing and one in the proceeding to secure approval of the construction of the proposed bridge.

The first contention made in its behalf is that the commission had no authority to combine the two proceedings, because the application for permission to construct the new overhead crossing was a matter entirely separate from the complaint against the existing grade crossing; that the township road which crosses appellant's tracks at grade near Jenkins Station was not a part of Route No. 515, and that it was not shown that it ever connected with Route No. 515 before the relocation of that highway. We are not

impressed by the argument made in support of this proposition. After careful study of the plan submitted and the evidence in the record, we agree with counsel for the commission that the consolidation of these two proceedings involving adjacent highways, for the purpose of disposition and assessment of cost, was a natural and sensible method of dealing with the situation. While it is true that the state highway could have been relocated and the bridge could have been built without closing the grade crossing, the grade crossing could not have been closed without the building of the bridge. The relocated state highway crossing and the grade crossing which has been eliminated are about eleven hundred feet apart. The closing of the grade crossing is an additional reason for the building of the bridge. The opening of the new side road is an important part of the whole project, which makes for convenience and safety to the travelling public. Our conclusion is that in the circumstances it was proper for the commission to consider the two proceedings together and make an order directing appellant to pay a part of the cost of the improvement as a whole.

Another contention of appellant is that the allocation to it of any part of the cost of construction of the bridge was unjust and unreasonable and, therefore, error. It is urged that the construction of the bridge is purely a highway improvement for the benefit of the public generally, and that the entire expense of it should be borne by the Commonwealth and county. Section 12 of the Public Service Company Act, as amended by the Act of July 17, 1917, provides: " ......  the commission shall have exclusive power to determine, order and prescribe ...... the just and reasonable manner ...... in which any public highway may be constructed across the tracks or other facilities of any railroad corporation ...... at grade, or above or below grade; ...... the expense of the said con-

struction, relocation, alteration, or abolition of any such crossing, shall be borne and paid, as hereinafter provided, by the public service company or companies or municipal corporations concerned, or by the Commonwealth, either severally or in such proper proportions as the commission may, after due notice and hearing, in due course, determine, ......'' The order made on appellant is clearly within the statute.

Nor do we find any merit in the contention that appellant should be called upon to contribute toward the cost of the construction only in proportion to the benefit resulting to it. This proposition finds no support in the statute nor in any decision of either of the appellate courts of this Commonwealth. By the terms of the statute the cost of construction may be imposed on the companies or municipal corporations ''concerned.'' ''It is well settled that railroad corporations may be required, at their own expense, not only to abolish existing grade crossings, but also to build and maintain suitable bridges or viaducts to carry highways, newly laid out, over their tracks or to carry their tracks over such highways: Chi. Mil. & St. P. Ry. v. Minneapolis, 232 U. S. 430, 438:'' Erie R. R. v. P. S. C., 271 Pa. 409. It is the presence and ownership of the track involved, not any benefit conferred, which places liability on the railroad. As stated by Mr. Justice WALLING in the case last cited, ''the only requirement is that the order must be just and reasonable.'' See also Ligonier Valley Ry. Co. v. Pub. Ser. Com., 83 Pa. Superior Ct. 502.

The further complaint is made that the assessment against appellant is unjust and unreasonable, because it is required to pay the entire cost of the construction of the new township highway and the cost of the relocation of the Erie Railroad tracks. The order did not require appellant to pay these items of costs. It was ordered to pay $18,000 to the Department of Highways ''to apply on the cost of materials to be

furnished and work to be done by said Department of Highways.'' The excess cost of the bridge due to the fact that it was built, at the request of appellant, long enough to span three tracks, although at the present time only two tracks are laid, is $9,331. The major portion of the expense is to be borne by the Department of Highways. We are of one mind that if appellant had been directed to pay $18,000 on account of the cost of the construction of the bridge alone, such an order would have been neither unreasonable nor arbitrary. The fact that the order is to pay $18,000 on account of the whole cost of the improvement does not affect the reasonableness of the order. No reason has been shown requiring us to disturb the order.

Appeals dismissed at appellant's costs.