Breuninger v. Township of Caln, Appellant.

Argued November 22, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and James, JJ.

*Thomas L. Hoskins,* for appellant.

*J. Paul MacElree,* for appellee.

Opinion by Keller, J., March 3, 1934:

Pursuant to the complaint of certain residents of the City of Coatesville to the Public Service Commission, and following a number of hearings thereon, the Commission filed a report, determining that the bridge carrying the Lincoln Highway over the tracks of the Pennsylvania Railroad in Caln Township, Chester County, about 600 feet east of Coatesville, was in-

adequate and dangerous and that its reconstruction was necessary for the safety, accommodation and convenience of the public.

A new bridge was ordered to be constructed in accordance with the general plan submitted by the Department of Highways, marked Exhibit No. 4—G70—A, which was approved and made a part of the report and order.

By this plan the old bridge which was located at an angle of about forty-five degrees to the highway was removed and a new bridge forming almost a straight line with the highway substituted; the bridge was widened from sixteen feet six inches to thirty feet for the roadway, with an additional five feet on the southerly side for a foot walk; the clearance of the bridge was raised to twenty-two feet; the right of way was increased from fifty feet to eighty feet; and the grade gradually raised, to avoid the steep approach to the old bridge, so that starting at the dividing line between Coatesville and Caln Township where the grades of the old and new approaches were the same, the new approach gradually increased from eight-tenths of a foot at a point one hundred feet east of the City line to five and four-tenths feet at a point three hundred and fifty feet east of said line. The bridge was lengthened to permit six tracks for the railroad instead of four, and additional land taken for the railroad for this purpose. The estimated cost of the new structure, exclusive of land damages was $135,922.88, which was apportioned between the Pennsylvania Railroad Co., the Department of Highways and the County of Chester. The report of the Commission also stated that "several tracts of property will be required for the improvement and the property damages are estimated between $1,500 and $1,600," and made the following determinations: "4—That all property necessary for the improvement, together with

all buildings and structures thereon, shall be taken and appropriated for the purpose of this improvement; detailed descriptions thereof with the names and addresses of the reported owners being recited at length in the order to be issued in accordance with this report. ...... 13—That all compensation for damages, if any, due to the owners of property taken, injured or destroyed in the execution of this improvement, exclusive of damages to the respondent railroad company for any of its property taken, injured or destroyed, [which it allocated against the railroad company] shall be paid by the Township of Caln."

In the order entered pursuant to said report, the bridge plan of the Department of Highways before mentioned was adopted and the new bridge ordered to be constructed in accordance therewith; two tracts of land, one of James Beale Estate of 566/1000 of an acre, and one of West Chester Street Railway Company of 24/100 of an acre, both located east of the new bridge, were specifically taken and appropriated, in connection, we are informed—for the photostatic copies of plans attached to the record are too small to be of much use to us—with the land needed for additional tracks for the railroad. No description of land necessary to be taken in the widening and raising of grade of the approach on the west side of the bridge was set forth in either report or order, but a reading of the plan, by one acquainted with the engineering data, established the necessity for such taking in order to support the new and wider approach at its increased grade. The order also provided: "That all compensation for damages, if any, due to the owners of property taken, injured or destroyed in the execution of this improvement, exclusive of damages to the respondent railroad company for any of its property taken, injured or destroyed, be paid by the Township of Caln." The order, if reasonable, was within the

authority of the Commission: Westmoreland Chemical Co. v. P. S. C., 294 Pa. 451, 464, 144 A. 407.

No appeal was taken from the report and order of the commission and the new bridge was constructed in accordance with said plans, with certain modifications agreed to by the commission which are not here material.

In the construction of the new bridge and its approaches, in order to support the highway approach on the north side of the west end of the bridge, a strip of ground, within the new right of way, one hundred and ninety feet long, and nine feet wide on the western end and fourteen feet wide on the eastern end, belonging to Frank A. Breuninger was taken up by the fill necessary for the bank.

Breuninger presented his petition to the Public Service Commission asking it to determine the damages to be paid him by the Township of Caln by reason of such taking. A hearing was had at which both Breuninger and the township were represented and an award was made in favor of Breuninger and against the Township of Caln for $2,500, as the damages due and owing him by the Township of Caln for his land so taken, injured and destroyed by the new structure. From this award the township appealed to the court of common pleas of Chester County, setting forth in said appeal that "Whereas the supervisors of Caln Township, Chester County, Pennsylvania, believe the said damages ascertained and reported by the Public Service Commission to be excessive and for that reason being dissatisfied therewith. Now, therefore, the said Township of Caln, by its supervisors being aggrieved by the action of the Public Service Commission in making its said award in its report filed December 14, 1931, does hereby demand of the court of common pleas of Chester County that the lawful damages caused by the taking and appro-

priation of said land of the said Frank A. Breuninger and the just and lawful compensation to be paid therefor shall be determined by the court of common pleas of Chester County and a jury in accordance with the provision of the act of assembly of the Commonwealth of Pennsylvania in such case made and provided.''

In the trial which followed said appeal a verdict was rendered in favor of the plaintiff and against the Township of Caln for $1,190. At the close of the evidence the defendant presented a point for binding instructions which the court refused. A motion was subsequently made by the defendant for judgment non obstante veredicto which was refused and judgment entered for the plaintiff. From that judgment the defendant has appealed.

The position taken by the defendant on the argument in the court below and in this court was that it was entitled to binding instructions in its favor for the reason that the strip of ground belonging to the plaintiff above described had not been taken or appropriated by the Public Service Commission and was not included in the land damages which the defendant township was ordered to pay.

Three things prevent our accepting this view:

(1) While the defendant has just grounds for complaint as to the form of the commission's order, we cannot agree that there was no valid taking or appropriation of the land in question. The report and order of the commission would have been less open to misconstruction if it had described in detail the lands taken by the increased right of way and necessary to support the new approach to the bridge; or if that were not feasible, it would have been better to have added to the detailed description of the land taken for additional railroad tracks a general statement, such as: ''And also all lands within the new right of way and necessarily taken or occupied in the construction of

the approaches as per detailed plan.'' But the plan was expressly made a part of the report and order. It showed a widened roadbed with an increased grade, and the parties interested were put on notice as to the facts necessarily involved in widening the road and raising the grade in accordance with the plans. The report took and appropriated all the property necessary for the improvement; and the order adopted the plan, according to which the improvement was to be made and necessarily appropriated all such lands as were taken and occupied by the plan; and this included the land in question even though not described in detail.

(2) The township in its appeal to the court of common pleas recognized this state of facts and set forth as ground for appeal only that the damages allowed were excessive; and demanded an appeal to the common pleas of Chester County in order that the lawful damages caused by the taking and appropriation of the plaintiff's land and the just and lawful compensation to be paid therefor by the Township of Caln should be determined by a jury. The legal question now relied on seems to have been an afterthought that did not occur to the defendant until after the appeal to common pleas was taken.

(3) If the defendant questioned the legal right of the plaintiff to any damages from the Township of Caln, on the ground that no legal appropriation of the land had been made under the report and order of the Public Service Commission, the appeal should have been to this court instead of to the court of common pleas: Howe v. Penna. R. R. Co., 295 Pa. 337, 145 A. 282; Muscato v. City of Erie, 304 Pa. 373, 155 A. 744; Beaver County v. P. S. C., 85 Pa. Superior Ct. 422. An appeal to the common pleas recognizes the legality of the taking and appropriation, but questions only the amount of damages to be awarded for the land

so taken. It is along the line of the distinction between exceptions to a report of viewers and an appeal therefrom: Lower Chichester Twp. v. Roberts, 308 Pa. 195, 162 A. 460. If the defendant was in doubt as to whether the order of the commission directing it to pay the damages for all land taken, except that belonging to the Pennsylvania Railroad Company, included the land necessarily involved in widening and raising the grade of the approaches, it could have appealed at once to this court and had a determination on the point, as well as to the reasonableness of the allocation of all the damages therefor to the township: Erie Railroad v. P. S. C., 271 Pa. 409, 415, 114 A. 357; Paradise Twp. v. P. S. C., 75 Pa. Superior Ct. 208; Lancaster County v. P. S. C., 77 Pa. Superior Ct. 495. Or if, after the commission had awarded Breuninger $2,500 for his damages in the taking and appropriation of this strip of land, the defendant had desired to contest the legality of such taking and appropriation, or claimed that the direction in the order that the Township of Caln should pay the damages for the land taken and appropriated did not include this strip of land, it could likewise have appealed to this court from said award. By appealing to the court of common pleas, however, it recognized the legality of the taking and the validity of the order of the commission that the township should pay the damages incurred, and sought only a jury trial as to the determination of the just and lawful compensation to be paid the plaintiff for the taking and appropriation of said land.

The assignments of error are overruled and the judgment is affirmed.