Pittsburgh and Shawmut Railroad Company,
Appellant, *v.* Pennsylvania Public
Utility Commission et al.

Argued April 25, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Matthew A. Crawford,* with him *E. J. Halberg,* for appellant.

*Harry H. Frank* and *Thomas C. Evans,* with them *Harry M. Showalter, Frederic P. Glick, Harry K. Daugherty, George K. Keitel,* Assistant Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellees.

OPINION BY BALDRIGE, J., July 19, 1940:

The Department of Highways of this Commonwealth filed a complaint against the Pittsburgh and Shawmut Railroad Company, alleging that the approaches and the overhead bridge carrying State Highway Route No. 33031 at a point in Allens Mills, Jefferson County are unsafe and in need of repairs. The commission after a hearing found that the approaches and bridge, which were constructed in 1906 by the appellant's predecessor to eliminate a grade crossing, are unsafe and their repair is necessary and proper for the service, accommodation, convenience, and safety of the public, and ordered that the appellant repair the bridge proper at an estimated cost of $36, and contribute $500 toward the cost of repairing the approaches, the total length of which is approximately 300 feet, estimated to cost $1150. The order further provided that the appellant maintain the substructure and superstructure and the Department of Highways maintain the approaches to the bridge.

The sole complaint raised by this appeal is to the commission's order requiring appellant to contribute $500 toward the cost of repairing the approaches to the bridge.

Article IV, section 409 of the Public Utility Act of May 28, 1937, P. L. 1053, as amended September 28, 1938, Sp. Sess., P. L. 44, §1, 66 PS §1179, states that the commission shall have exclusive power to determine

and prescribe by regulation or order the manner in which overcrossings may be constructed, altered, relocated, or abolished, and section 411, 66 PS §1181, provides that the expense thereof shall be borne and paid by the public utility or municipal corporations concerned or by the Commonwealth in such proportions as the commission may determine. The only condition attached is that the order shall be just and reasonable: *Ligonier Valley Railroad Co. v. P. S. C.*, 83 Pa. Superior Ct. 502; *Lehigh Valley R. R. Co. v. P. S. C.*, 105 Pa. Superior Ct. 423, 161 A. 422.

The sections to which we have referred are reenactments of Article V, section 12 of the Public Service Company Law of July 26, 1913, P. L. 1374, 66 PS §571, §574, as amended, so that our decisions interpreting the law as it stood prior to the Act of 1937 continue to be applicable.

The question before us is whether the Public Utility Commission's broad powers, requiring utilities to construct, maintain, etc. suitable bridges, extend to the approaches thereto. It has been expressly recognized both by statute and in our decisions that approaches to an overhead bridge are a necessary part thereof as they afford the only means of access; without them this bridge is incomplete and useless. This is especially true at least as to the southerly approach of this bridge, which is by a very sharp curve and 10% grade.

Our legislature in Article VIII, section 101 (19) of the Act of 1937, P. L. 1019, 46 PS §601 (9), states that the word " 'Bridge,' includes the actual bridge and the approaches thereto, and the substructures and superstructures of both." This court, speaking through President Judge KELLER in *Pennsylvania Railroad Co. et al. v. P. S. C. et al.*, 118 Pa. Superior Ct. 380, 179 A. 850, said: "The approaches to a bridge are part of the bridge and may be so considered by the Commission in adopting plans for a bridge to eliminate a grade crossing."

See, also, *Westmoreland Chemical & Color Co. v. P. S. C.*, 294 Pa. 451, 144 A. 407; *Lehigh Valley R. R. Co. v. P. S. C.*, supra; *West Conshohocken Borough v. Pa. P. U. C. et al.*, 135 Pa. Superior Ct. 295, 5 A. 2d 590; and *Lehigh and New England Railroad Co. v. P. S. C.*, 126 Pa. Superior Ct. 565, 191 A. 380.

The Public Utility Commission unquestionably has complete control in this proceeding over not only this bridge but the approaches thereto, with the right to allocate the costs for repairs and maintenance provided they are just and reasonable.

*Somerset County v. Pa. P. U. C.*, 132 Pa. Superior Ct. 585, 1 A. 2d 806, cited by the appellant, presents an entirely different state of facts. In that case there was a major improvement of the Lincoln Highway involving excavation, removal and destruction of dwellings, abolition of 2 grade crossings, construction of an overhead crossing, and relocating and building of several miles of new highway. We held there that it was unreasonable to place on the county of Somerset the larger part of damages payable to property owners scattered over a distance of 2 miles.

We do not regard *Luzerne Township v. Monongahela Railways Co.*, 303 Pa. 37, 154 A. 26, a proceeding in a court of equity, and the other cases relied upon by the appellant as having any material bearing on the question before us.

The placing of approximately 50% of the cost of repairs to the approaches, a part of the bridge, originally constructed because of the existence of the appellant's tracks, in our judgment was a just and reasonable order. Certainly, no reason has been advanced and we conceive none that warrants us in holding that the commission exceeded its legal discretion.

Order of the commission is affirmed.