## Cheltenham Township v. Tookany Creek Land Development Company

Before Honeyman, Ditter and Smillie, JJ.

*High, Swartz, Roberts & Seidel,* for plaintiff.

*Matthew S. Santangelo,* for defendant.

HONEYMAN, J., March 2, 1964.—On November 19, 1963, the Township of Cheltenham, Montgomery County, Pennsylvania, flled a petition for the appointment of a jury of viewers, averring that under and by virtue of township ordinance no. 1033 adopted April 16, 1963, as amended by ordinance no. 1037, adopted

June 27, 1963, said petitioner did duly and lawfully condemn certain real estate situate in the Township of Cheltenham as described in said ordinances. The petition further averred that at the time of the adoption of said Ordinances, legal title to the tract in question was vested in Philadelphia, Newtown and New York Railroad Company, but petitioner was advised that the legal owner's claim for damages had been assigned to Tookany Creek Land Development Company, wherefore petitioner prayed that this court appoint a jury of viewers to ascertain the value of the said tract, and award compensation to those entitled thereto by reason of the condemnation. On the same date, the prayer of the petitioner Township was granted, and a jury of viewers was appointed.

On November 22, 1963, the Tookany Creek Land Development Company, a Pennsylvania corporation, filed a petition to set aside the petition of Cheltenham Township for the appointment of a jury of viewers, averring said condemnation to be unlawful, without necessity, arbitrary, unreasonable, and an abuse of discretion. This petition not only prays that Cheltenham Township's petition be dismissed, but also that a hearing be set to determine the necessity, purpose, lawfulness and reasonableness of said condemnation. On the same date, this court granted a rule to show cause upon the respondent Township with all proceedings stayed meanwhile. Answer thereto was filed on December 11, 1963, by Cheltenham Township, denying the material allegations of Tookany's petition and averring that necessity or lawful purpose of condemnation may not be challenged by petition and rule to set aside the appointment of a jury of viewers. This matter was then listed for argument before the court en banc. No depositions having been taken, the matter is before this court on petition and answer.

Has the land owner herein utilized a proper and correct procedure for attacking the propriety of a purported exercise of the power of eminent domain? Tookany has cited no case or statutory authority for its position that a petition to set aside a petition for the appointment of a jury of viewers is the proper procedure to raise the question of validity of a condemnation. This court's research likewise reveals no such authority, even though in 2 Dunlap-Hanna, Pennsylvania Forms, §1783, this procedure is said to exist.

Section 1 of ordinance no. 1033 of Cheltenham Township states that the property described thereunder was condemned under the township's right of eminent domain for the purposes set forth in the Act of June 24, 1931, P. L. 1206, art. XIX, sec. 1901, as amended, 53 PS §56901. The respondent township takes the position that Tookany should have filed a complaint in the court of quarter sessions within 30 days after said ordinance took effect questioning its legality as provided for by The First Class Township Code, Act of June 24, 1931, P. L. 1206, art. XV, sec. 1502, as amended, 53 PS §56502. Tookany filed no such complaint, wherefore this remedy has been lost. However, by the very language of that section of The First Class Township Code, the basic issue herein could not have been raised in an appeal thereunder. Only the legality of the promulgation of the ordinance can be raised in such an appeal, and not the propriety of the ordinance in question, with the single exception of ordinances laying out streets over private property.

Further, this court is of the opinion that neither the procedure under the Act of June 24, 1931, P. L. 1206, art. XIX, sec. 1935, as amended, 53 PS §56935, which permits a property owner to file exceptions to the report of the jury of viewers, nor that under the Act of June 24, 1931, P. L. 1206, art. XIX, sec. 1945, as amended, 53 PS §56945, which provides for an appeal from

reports of viewers to the court of common pleas for a jury trial, would serve Tookany's purpose in the instant situation. Exceptions to a viewer's report are limited to procedural matters, or questions of law basic to the inquiry. Lakewood Memorial Gardens, Inc. Appeal, 381 Pa. 46 (1955); Cavalier Appeal, 408 Pa. 295 (1962).

"An appeal to the common pleas recognizes the legality of the taking and appropriation, but questions only the amount of damages to be awarded for the land so taken": Breuninger v. Township of Caln, 112 Pa. Superior Ct. 405, 411 (1934).

A condemnee's right to a hearing on the issue of the taking is well established, however, and there is a line of decisions in this Commonwealth in which independent actions have been maintained in equity to test the validity of condemnation proceedings: Spann v. Joint Boards of School Directors, 381 Pa. 338 (1955); Winger v. Aires, 371 Pa. 242 (1952); Colove v. Robesonia Borough, 364 Pa. 626 (1950); Pioneer Coal Co. v. Cherrytree and Dixonville R.R. Co., 272 Pa. 43 (1922); Phila. Clay Co. v. York Clay Co., 241 Pa. 305 (1913); Vinton Colliery Co. v. Blacklick & Yellow Creek Railroad Co., 226 Pa. 131 (1910); Caruthers v. Peoples Natural Gas Co., 155 Pa. Superior Ct. 332 (1944); Sowicz v. Phila. Suburban Water Co., 9 D. & C. 2d 366 (1956).

In the Sowicz case, supra, defendant had already condemned plaintiff's land by resolution and had filed bonds which were approved by the court. The condemnees complained that more land was being taken than was necessary for public purposes, and was therefore illegal, unreasonable, arbitrary, and void. Plaintiffs therein filed complaints in equity seeking preliminary injunctions to restrain defendant from taking any of their land. Judge Dannehower speaking for this court stated at page 371:

"Until a hearing is held before a chancellor and the entire project, plans and maps are properly before the court, how can it be decided from the pleadings alone whether defendant has exercised its right of eminent domain as alleged in an unreasonable manner with a clear abuse of discretion or taken an excessive amount of plaintiff's land which is not indispensably necessary and absolutely essential for its present and future public use and necessity?

"So, in general, we hold that in condemnation proceedings, a property owner whose real estate has been totally or partially condemned by a public utility corporation, has a right to be heard, entitled to at least a hearing before a court, to challenge and test for the first time and defend his property rights to determine whether the taking was excessive, was necessary for public use and whether the party exercising the power of eminent domain was guilty of an abuse of discretion."

The statutory authority under which our courts have held a bill in equity to be proper, where the exercise of corporate power is exceeded, is found in the Act of June 19, 1871, P. L. 1360, sec. 1, 12 PS §1315. Accordingly, these authorities establish the propriety, if not the necessity, of testing the propriety and/or validity of condemnation proceedings in an action in equity and independent of that action in which compensation is awarded.

Since equity not only has jurisdiction of this action, but best serves the interests of the respective parties, and since the petition and answer herein frame the issues as succinctly as if they would have been properly filed as a complaint in equity and answer thereto, this court is of the opinion that such pleadings should be certified over to the equity side of this court for a determination of the issues raised therein. For the purpose of this action in equity, Tookany's petition will be

deemed the complaint and the township's answer will be deemed the answer thereto.

*Order*

And now, March 2, 1964, the petition to set aside the petition for the appointment of a jury of viewers and answer thereto are hereby certified over to the equity side of this court for a determination of the issues raised therein. The prothonotary is directed to assign a separate case number, in equity, to same. Meanwhile, all proceedings in the instant action are stayed and the jury of viewers heretofore appointed by this court are ordered and directed not to proceed until after the equity action is concluded.